IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                                    PLAINTIFF

VERSUS                                                   NO. <u>1:15cv75-SA-SAA</u>

CHOCTAW COUNTY and
CLOYD HALFORD, In His
Individual Capacity                                                          DEFENDANTS

                                                                    JURY TRIAL DEMANDED

<u>COMPLAINT</u>

        This is a civil action to recover actual, compensatory and punitive damages for

the Defendants' deprivations of Ms. Jauch's constitutional right to counsel and to be

informed of the charges against her pursuant to the Sixth Amendment, the right to bail

pursuant to the Eighth Amendment, and the right to liberty pursuant to the Due

Process Clause of the Fourteenth Amendment.  These constitutional deprivations by the

Defendants are made actionable pursuant to 42 U.S.C. § 1983.   The following averments

support this civil action:

                                              (Parties)

        1.  The Plaintiff, Jessica Jauch is an adult resident citizen of Rankin County,

Mississippi.

        2.  The Defendant Choctaw County is a political subdivision of the State of

Mississippi.  Choctaw County may be served with process by service upon its Chancery

Clerk, Honorable Steve Montgomery, Post Office Box 250, Ackerman, Mississippi 39735.

3.  The Defendant Cloyd Halford is the Sheriff of Choctaw County.  He may be served with process by service of a summons and complaint upon him at 122 Jail House Road, Ackerman, Mississippi 39735.

(Jurisdiction and Venue)

4.  This Court has subject matter jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1343(a)(3) (Civil Rights).

5.  Venue is proper in the Northern District of Mississippi, pursuant to 28 U.S.C. § 1391, since substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

(Cause of Action)

6.  On, or about, the evening of April 26, 2012, Jessica Jauch was stopped by the Starkville Police Department.  As a result of the stop, Ms. Jauch was issued several traffic tickets.

7.  While stopped, Ms. Jauch was informed that she had an outstanding misdemeanor warrant in Choctaw County and that she would have to be transported to Choctaw County where she could post bond the following morning.

8.  Ms. Jauch was transported from Starkville, Mississippi to Ackerman, Mississippi by a Choctaw County sheriff's deputy and placed in the Choctaw County

Jail.

9. The following morning, April 27, 2012, Ms. Jauch was served with the misdemeanor warrant and was also served with a felony warrant for an alleged sale of a controlled substance on February 17, 2011.

10. The misdemeanor warrant was cleared within a couple days of Ms. Jauch's arrest, when a friend paid the cost of three DVD's which Jessica had failed to return to a movie rental store.

11. Ms. Jauch was shocked by the felony charge as she knew she had not committed the offense for which she had been charged.

12. Ms. Jauch insisted to anyone who would listen that she was innocent of the felony charge and asked all of the jail personnel she encountered when she would be permitted to bond out or see a judge so that she could be cleared of the charge.

13. Ms. Jauch was informed by jail personnel who had spoken with the Defendant Halford, that she was caught on video and that she would not get bail or be taken before a judge until the next term of the Choctaw County Circuit Court in August.

14. Ms. Jauch's mother and a personal friend also inquired of the Defendant Halford when Ms. Jauch would get bail or be taken before a judge on the felony charge.

15. Ms. Jauch's mother was told by the Defendant Halford that he did not have

to take Ms. Jauch to before a judge or get bail set for her until August.

16.   The Defendant Halford insisted to Ms. Jauch's mother that they had Ms. Jauch "dead to rights" on video and that she was going to prison for a long time and was a terrible person.

17.   The Defendant Halford told Ms. Jauch's friend that he did not have to take Ms. Jauch before a judge and that she was not going to see a judge until the next term of court in August.

18.   On or about, July 31, 2012, Ms. Jauch was finally arraigned and entered a plea of not guilty to the charge against her.  Ms. Jauch's bail was set at $15,000 and she was finally appointed counsel.

19.   On or about, August 6, 2012, Ms. Jauch posted bond and was released from the custody of the Choctaw County.

20.   As a direct result of the Defendant Halford's refusal to take Ms. Jauch before a judge, Ms. Jauch remained in jail from April 26, 2012 until July 31, 2012 without being brought before a judge for an initial appearance or arraignment, without bail, and without access to counsel.

21.   On or about, August 20, 2012, Ms. Jauch was appointed new counsel in open court.

22.   Ms. Jauch's new counsel interviewed her and viewed the videotape evidence

4

which was supposed to show Ms. Jauch selling narcotic pain medication to a confidential informant.

23.  The videotape did not show Ms. Jauch selling narcotic pain medication to a confidential informant or committing any other offense against the peace and dignity of the State of Mississippi.  Instead, the videotape merely showed Ms. Jauch borrowing $40 from a supposed friend.

24.  The confidential informant lied to narcotics agents by telling them that she had purchased eight narcotic pain pills from Ms. Jauch on February 17, 2011, when, in fact, she "loaned" $40 of the narcotics agents' drug-buy money to Ms. Jauch and used her own narcotic pain pills to frame Ms. Jauch in order to gain leniency for her own crimes.

25.  For their part, the credulous narcotics agents apparently never bothered to view the videotape of the alleged drug sale and, along with the District Attorney's office, presented the case to the Choctaw County Grand Jury based solely on the provable lies of the confidential informant.

26.  After viewing the videotape, Ms. Jauch's counsel contacted the Assistant District Attorney assigned to her case.

27.  On August 27, 2012, the Assistant District Attorney met with Ms. Jauch and her counsel and viewed the videotape.  After viewing the videotape, the Assistant

District Attorney announced that the State was dismissing the case against Ms. Jauch.

28.  On or about, January 29, 2013, a Dismissal Order was filed in the Circuit Court of Choctaw County dismissing with prejudice the charge against Ms. Jauch.

29  At all times relevant to this civil action, Ms. Jauch was factually innocent of the charge for which she had been held without bail, without access to counsel, and without formal notice of the charges made against her.

30.  At all times relevant to this civil action the Defendant Halford acted under color of state law.

31.  The Defendant Halford, as the Sheriff of Choctaw County, is a final policy making official with respect to law enforcement decisions within Choctaw County and the administration of the Choctaw County Jail.

32.  As a final policy making official, the actions and omissions of the Defendant Halford constitute the policy of Choctaw County for which it is liable.

 (Claim 1 Sixth Amendment - Right to Notice of the Charges Against Her)

33.  On April 26, 2012, Ms. Jauch had a clearly established constitutional right to be informed of the nature and cause of the accusation brought against her.

34.  This right required the Defendant Halford and the Defendant Choctaw County to promptly take Ms. Jauch before a neutral magistrate so that she could be informed of the nature and cause of the accusation brought against her.

35.  Ms. Jauch's 96-day detention without being informed of the nature and cause of the accusation brought against her violates her Sixth Amendment right.

36.  The Defendant Halford is liable to Ms. Jauch for violating her Sixth Amendment Right to be informed of the nature and cause of the accusation brought against her.

37.  The Defendant Choctaw County, through the actions and omissions of its final policy making official, the Defendant Halford, is liable to Ms. Jauch for its policy, practice, custom or usage of denying her Sixth Amendment right to be informed of the nature and cause of the accusation brought against her.

(Claim 2 Sixth Amendment - Right to Counsel)

38.  On April 26, 2012, Ms. Jauch had a clearly established constitutional right to counsel upon the commencement of adversary criminal proceedings against her.

39.  This right required the Defendant Halford and the Defendant Choctaw County to promptly take Ms. Jauch before a neutral magistrate so that she could be provided with counsel.

40.  Ms. Jauch's 96-day detention without being provided with counsel after the commencement of adversary criminal proceedings against her violates her Sixth Amendment right.

41.  The Defendant Halford is liable to Ms. Jauch for violating her Sixth

Amendment Right to counsel.

42.   The Defendant Choctaw County, through the actions and omissions of its final policy making official, the Defendant Halford, is liable to Ms. Jauch for its policy, practice, custom or usage of denying her Sixth Amendment right to counsel.

(Claim 3 Eighth Amendment - Right to Bail)

43.   On April 26, 2012, Ms. Jauch had a clearly established constitutional right to reasonable bail upon her confinement in the Choctaw County Jail.

44.   This right required the Defendant Halford and the Defendant Choctaw County to promptly take Ms. Jauch before a neutral magistrate so that reasonable bail could be set to secure release from confinement.

45.   Ms. Jauch's 96-day detention without being provided any bail upon her confinement violates her Eighth Amendment right.

46.   The Defendant Halford is liable to Ms. Jauch for violating her Eighth Amendment Right to bail.

47.   The Defendant Choctaw County, through the actions and omissions of its final policy making official, the Defendant Halford, is liable to Ms. Jauch for its policy, practice, custom or usage of denying her Eighth Amendment right to bail.

(Claim 4 Fourteenth Amendment - Substantive
& Procedural Due Process Right to Liberty)

48.   On April 26, 2012, Ms. Jauch had clearly established substantive and

8

procedural constitutional right to be free from a deprivation of her liberty without due process of law.

49.  The substantive and procedural due process right to liberty required the Defendant Halford and the Defendant Choctaw County to promptly take Ms. Jauch before a court after her arrest by warrant.

50.  Ms. Jauch's 96-day detention without being brought before a court after her arrest by warrant violates her substantive and procedural Fourteenth Amendment due process right to liberty.

51.  The Defendant Halford is liable to Ms. Jauch for violating her substantive and procedural Fourteenth Amendment due process right to liberty.

52.  The Defendant Choctaw County, through the actions and omissions of its final policy making official, the Defendant Halford, is liable to Ms. Jauch for its policy, practice, custom or usage of denying her substantive and procedural Fourteenth Amendment due process to liberty.

WHEREFORE, PREMISES CONSIDERED, Ms. Jauch prays for actual and compensatory damages against all defendants, for punitive damages against the Defendant Halford, for a reasonable attorney's fee pursuant to 42 U.S.C. § 1988, for all allowable costs of this civil action, and for any and all other relief to which Ms. Jauch is entitled.

Respectfully submitted, this the 20th day of April, 2015.

/s/ Victor Israel Fleitas

_____

Victor I. Fleitas, P.A.
452 North Spring Street
Tupelo, MS 38804
662.840.0270 / Phone
662.840.1047 / Facsimile
fleitasv@bellsouth.net / Email

Attorney for Jessica Jauch

10