**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**JESSICA JAUCH**                                                                 **PLAINTIFF**

**vs.**                                                          **CAUSE NO. 1:15-CV-75-SA-SAA**

**CHOCTAW COUNTY and**
**CLOYD HALFORD, In His**
**Individual Capacity**                                                      **DEFENDANTS**

## ANSWER AND AFFIRMATIVE DEFENSES

**NOW COME** Defendants, Choctaw County and Cloyd Halford, in his Individual Capacity,

[hereinafter Defendants] individually and officially, by and through counsel, and files this their

Answer and Affirmative Defenses to the Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

*(Motion to Dismiss - §1983 Claim)*

The Complaint fails to state a cause of action as to these Defendants for which relief may be

granted, including, but not limited to, the defense of qualified immunity as to the individual

Defendants herein, named or unnamed.  Further, the Complaint fails to state a claim against these

Defendants upon which relief may be granted under Monell v. Dept. of Social Services, 436 U.S.

653 (1977).  Plaintiff's Complaint should accordingly be dismissed.  Defendants pray for an early

determination of this issue in the interest of judicial economy.

## SECOND AFFIRMATIVE DEFENSE

*(Motion to Dismiss State Law Claims)*

Plaintiff's Complaint and all claims under state law asserted therein are barred under the

provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* §11-46-1 (Supp. 1997), *et seq.*

1

Specifically, Plaintiff's Complaint fails to state a claim under state law upon which relief can be granted as to Defendants under the provisions of the Mississippi Tort Claims Act, as no claim under state law is available against a governmental entity or its employees for either: (1) negligence by its sworn law enforcement officers; (2) failure to train, supervise or discipline law enforcement officers; or, (3) for an injury to a person who was a detainee at the time of an alleged injury. *Miss. Code Ann.* §11-46-9(1)(b),(c),(d),(e),(f),(h),(m) (Supp. 1997). Wherefore, Defendants move for dismissal of Plaintiff's state law claims pursuant to *Fed. R. Civ. P.*12 (b)(6). Alternatively, Defendants state that there are no material facts which remain at issue as to either Plaintiff's status as a temporary detainee or the date of occurrence of the alleged accident, and moves for judgment on the pleadings pursuant to *Fed. R. Civ. Proc.* 12 (c). Defendants pray for an early determination of this issue in the interest of judicial economy.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted against Defendants.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's conduct was the sole cause of her alleged injuries and damages, if any; alternately, Plaintiff's conduct was a proximate cause of the incidents forming the basis of this lawsuit. These Defendants assert the protections of the Mississippi apportionment statute, *Miss. Code Ann.* §85-5-7 (Supp 2003). To the extent that Plaintiff suffered injury as a result of the tortious act of one other than Defendants or as a result of her own fault, Plaintiff or the responsible party should be assessed all or a portion of the responsibility for any injury/damages occasioned thereby based upon the principles of comparative negligence/contributory negligence, and any recovery to which Plaintiff would otherwise have been entitled must be reduced in accordance therewith.

## FIFTH AFFIRMATIVE DEFENSE

The individual Defendants, named and unnamed, in this case are entitled to qualified immunity from Plaintiff's claims against them. These Defendants were public officials in the course of their duties during the incident forming the basis of this lawsuit. No Defendant engaged in any conduct which deprived the Plaintiff of any right, privilege nor immunity protected by the Constitution or Laws of the United States. Additionally, these Defendants' conduct was objectively reasonable in light of clearly established law at the time of their actions in this matter. These Defendants' actions were justified and arguably justifiable in light of the information they possessed and clearly established law. As such, a reasonable officer could have believed their actions lawful during the incident forming the basis of this lawsuit.

## SIXTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's state law claims, Defendants claim the protection of the statutory exemptions from liability found in *Miss. Code Ann.* §11-46-9 (1999). Defendants further assert all rights and privileges afforded under the Mississippi Tort Claims Act, including the right to a bench trial in this federal forum. See James v. City of Pontotoc, 2008 U.S. Dist. LEXIS 64134 (N. Dist. Miss., Mills). Alternatively, Defendants claim the protection of governmental immunity and/or sovereign immunity.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's official capacity federal constitutional claims are necessarily predicated on the doctrine of *respondeat superior* and are thus barred as a matter of law by reason of the absence of any proof or allegation of any official policy, custom or practice of the Sheriff of Choctaw County, Mississippi, that was the moving force behind the alleged injuries of Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's failure to allege violation of any duty by these Defendants bars this cause of action.

## NINTH AFFIRMATIVE DEFENSE

To the extent that any personnel acting within the course and scope of their employment with Choctaw County are alleged to be involved in or responsible for the custody, safety, protection, supervision or care of Plaintiff at any time, such conduct was at all times objectively reasonable and consistent with clearly established law, and for that reason Plaintiff's claims are barred.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to these Defendants by reason of the fact that any duty on the part of Defendant's officers and agents involved the use of discretion, and at no time did any governmental actor acting on behalf of Choctaw County substantially exceed his or her authority, nor was any legally cognizable harm to Plaintiff caused by or in the course of such exercise of authority and discretion, and Plaintiff's claims are accordingly barred under the doctrine of public official immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of independent, intervening cause and/or efficient superseding cause.

## TWELFTH AFFIRMATIVE DEFENSE

At no time did any governmental actor acting on behalf of Choctaw County breach any duty that was ministerial in nature, causing any legally cognizable harm to Plaintiff, and for that reason, Plaintiff's claims are barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails as a matter of law based upon the absence of a violation of a right, clearly established under the United States Constitution. Specifically, there is no constitutional cause of action arising from an arrest based upon probable cause.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the running of the applicable statute of limitations, laches, waiver, estoppel, *res judicata*, administrative collateral estoppel, judicial estoppel, assumption of risk and the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

The instant claim fails to state a claim upon which relief may be granted because there is no medical evidence to establish substantial harm or otherwise show cognizable injury to Plaintiff which was caused by Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

A governmental entity is only liable under Section 1983 for injuries caused by its policy or custom. Here, there is no identified policy or custom and at issue. The instant claims fail as a matter of law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Punitive damages are not cognizable against Choctaw County under §1983. Defendants further invoke the safeguards of the Equal Protection and Due Process clauses of the United States Constitution, Article 3, Section 14 of the Mississippi Constitution and the provisions of *Miss. Code Ann.* §§11-1-65 and 11-46-15 (2) (1993).

### EIGHTEENTH AFFIRMATIVE DEFENSE

No Defendant is responsible for any condition of the Plaintiff that pre-existed the events which made the basis of this Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

All terms and conditions of the incarceration of Plaintiff were rationally related to legitimate penological objectives and not vague or over broad as applied to the inmates of the Choctaw County Jail.

### TWENTIETH AFFIRMATIVE DEFENSE

**AND, NOW,** having asserted their affirmative defenses to the Complaint filed herein, and without waiving any such defenses, these Defendants answer the allegations of Plaintiff's Complaint as follows:

1. The Defendants admit the allegations of Paragraph 1 of the Complaint.

2. The Defendants admit the allegations of Paragraph 2 of the Complaint.

3. The Defendants admit the allegations of Paragraph 3 of the Complaint.

4. The Defendants admit the allegations of Paragraph 4 of the Complaint.

5. The Defendants admit the allegations of Paragraph 5 of the Complaint.

6. The Defendants deny the allegations of Paragraph 6 of the Complaint.

7. The Defendants deny the allegations of Paragraph 7 of the Complaint.

8. The Defendants deny the allegations of Paragraph 8 of the Complaint.

9. The Defendants deny the allegations of Paragraph 9 of the Complaint.

10. The Defendants deny the allegations of Paragraph 10 of the Complaint.

11. The Defendants deny the allegations of Paragraph 11 of the Complaint.

12.     The Defendants deny the allegations of Paragraph 12 of the Complaint.

13.     The Defendants deny the allegations of Paragraph 13 of the Complaint.

14.     The Defendants deny the allegations of Paragraph 14 of the Complaint.

15.     The Defendants deny the allegations of Paragraph 15 of the Complaint.

16.     The Defendants deny the allegations of Paragraph 16 of the Complaint.

17.     The Defendants deny the allegations of Paragraph 17 of the Complaint.

18.     The Defendants deny the allegations of Paragraph 18 of the Complaint.

19.     The Defendants deny the allegations of Paragraph 19 of the Complaint.

20.     The Defendants deny the allegations of Paragraph 20 of the Complaint.

21.     The Defendants deny the allegations of Paragraph 21 of the Complaint.

22.     The Defendants deny the allegations of Paragraph 22 of the Complaint.

23.     The Defendants deny the allegations of Paragraph 23 of the Complaint.

24.     The Defendants deny the allegations of Paragraph 24 of the Complaint.

25.     The Defendants deny the allegations of Paragraph 25 of the Complaint.

26.     The Defendants deny the allegations of Paragraph 26 of the Complaint.

27.     The Defendants deny the allegations of Paragraph 27 of the Complaint.

28.     The Defendants deny the allegations of Paragraph 28 of the Complaint.

29.     The Defendants deny the allegations of Paragraph 29 of the Complaint.

30.     The Defendants deny the allegations of Paragraph 30 of the Complaint.

31.     The Defendants deny the allegations of Paragraph 31 of the Complaint.

32.     The Defendants deny the allegations of Paragraph 32 of the Complaint.

33.     The Defendants deny the allegations of Paragraph 33 of the Complaint.

34.    The Defendants deny the allegations of Paragraph 34 of the Complaint.

35.    The Defendants deny the allegations of Paragraph 35 of the Complaint.

36.    The Defendants deny the allegations of Paragraph 36 of the Complaint.

37.    The Defendants deny the allegations of Paragraph 37 of the Complaint.

38.    The Defendants deny the allegations of Paragraph 38 of the Complaint.

39.    The Defendants deny the allegations of Paragraph 39 of the Complaint.

40.    The Defendants deny the allegations of Paragraph 40 of the Complaint.

41.    The Defendants deny the allegations of Paragraph 41 of the Complaint.

42.    The Defendants deny the allegations of Paragraph 42 of the Complaint.

43.    The Defendants deny the allegations of Paragraph 43 of the Complaint.

44.    The Defendants deny the allegations of Paragraph 44 of the Complaint.

45.    The Defendants deny the allegations of Paragraph 45 of the Complaint.

46.    The Defendants deny the allegations of Paragraph 46 of the Complaint.

47.    The Defendants deny the allegations of Paragraph 47 of the Complaint.

48.    The Defendants deny the allegations of Paragraph 48 of the Complaint.

49.    The Defendants deny the allegations of Paragraph 49 of the Complaint.

50.    The Defendants deny the allegations of Paragraph 50 of the Complaint.

51.    The Defendants deny the allegations of Paragraph 51 of the Complaint.

52.     The Defendants deny the allegations of Paragraph 52 of the Complaint.

Regarding Plaintiff's paragraph in the Complaint which is titled " **WHEREFORE, PREMISES CONSIDERED**", Defendants deny the allegations of that paragraph and all of its sub-parts.

-8-

**AND NOW, HAVING FULLY ANSWERED** and asserted their Affirmative Defenses, these Defendants pray that this Court grant the following relief:

A)     That this Court dismiss Plaintiff's Complaint with prejudice, based upon each and all of the aforesaid Affirmative Defenses, including, but not limited to, qualified immunity and applicability of the statutory exemptions from liability as set forth in the <u>Mississippi Tort Claims Act</u>;

B)     That this Court deny Plaintiff the relief prayed for in Plaintiff's prayer for relief, and that Plaintiff be denied any relief whatsoever;

C)     That this Court award these Defendants their attorney fees, costs and expenses associated with the defense of the instant civil action pursuant to 42 U.S.C. §1988.

**RESPECTFULLY SUBMITTED** this the 27th day of May, 2015.

**GRIFFITH & CARR**

By: <u>/s/ **Daniel J. Griffith**</u>

　　　　Daniel J. Griffith, MS Bar No. 8366
　　　　Attorney for Defendants

Of Counsel:

**GRIFFITH & CARR**
123 South Court Street
P. O. Drawer 1680
Cleveland, MS 38732
Phone No. 662-843-6100
Fax No. 662-843-8153
danny@griffithlaw.net

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel J. Griffith, attorney of record for Defendants, Choctaw County and Cloyd Halford, in his Individual Capacity, hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer and Affirmative Defenses* to be delivered VIA ECF FILING to the following Counsel of Record:

> Victor I. Fleitas, P.A.
> 452 North Spring Street
> Tupelo, MS 38804
> Phone: 662-840-0270
> Fax: 662-840-1047
> Email: fleitasv@bellsouth.net
> **Attorney for Plaintiff**

**DATED** this 27th day of May, 2015.

> /s/ *Daniel J. Griffith*
>   Daniel J. Griffith