**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**JESSICA JAUCH**                                                                   **PLAINTIFF**

**vs.**                                             **CAUSE NO. 1:15-CV-75-SA-SAA**

**CHOCTAW COUNTY and
CLOYD HALFORD, In His
Individual Capacity**                                                       **DEFENDANTS**

<u>**MOTION FOR SUMMARY JUDGMENT**</u>

**DEFENDANTS, CHOCTAW COUNTY** and **CLOYD HALFORD,** in his Individual Capacity as Sheriff, by Counsel, respectfully submit this Motion for Summary Judgment pursuant to *Fed. R. Civ. Proc.* Rule 56, to wit:

**1. BACKGROUND**

Plaintiff Jauch seeks to have the Court find liability against the county official, Defendant Sheriff Halford, for holding her pursuant to court order in the conspicuous absence of the state officials responsible for her arraignment, appointment of counsel and determination of bond. There is no genuine issue of disputed material fact as counsel for the Plaintiff and Defendants have entered into a Stipulation of Facts filed in conjunction with cross-motions for summary judgment.

Substantive state law provisions sourced from the Mississippi Constitution and Mississippi Statutes are implemented in the Uniform Rules of Criminal Procedure adopted by the Mississippi Supreme Court and interpreted via Mississippi Case Law to establish the respective functions of the local and state government offices of government regarding the detention, safe-keeping and access to justice for Plaintif Jauch as a criminal defendant detained in the Choctaw County Jail between court terms pursuant to a felony indictment. Controlling federal authority addresses constitutional responsibility based upon what is provided under substantive state law. One cannot simply read the

substantive state law for the State of Mississippi and conclude that it compels a Mississippi Sheriff to jump in and force a Mississippi District Attorney and Mississippi Circuit Judge to perform their duties. Put differently, the substantive law of the State of Mississippi establishes that county officials are not liable under the United States Constitution for functions of state officials. Because of these separate functions, the Court will find that qualified immunity and summary judgment are proper here.

### 2. BASIS FOR RELIEF

In support of summary judgment, the undersigned Defendants respectfully submit a Memorandum of Authorities and Joint Stipulation of Facts, with exhibits (already filed in this matter) by separate filing.

**WHEREFORE,** Defendants respectfully pray that the Court:

1. Find and determine that there are no genuine issues of material fact regarding the legal issues raised in this motion;

2. Find and determine that Defendants are entitled to summary judgment under *Fed. R. Civ. Proc.* Rule 56; and

3. Enter a final judgment in Defendants' favor with all costs assessed to Plaintiff.

**RESPECTFULLY SUBMITTED** this the 20th day of June, 2016.

        **DEFENDANTS**

By: **/s/ *Daniel J. Griffith***
    Daniel J. Griffith, MS Bar No. 8366
    Arnold U. Luciano, MS Bar No. 99198
    Attorneys for Defendants

Of Counsel:

Jacks Griffith Luciano, P.A.,
P. O. Box 1209
150 North Sharpe Avenue
Cleveland, MS 38732
telephone: (662) 843-6171
facsimile: (662) 843-6176
dgriffith@jlpalaw.com
www.jlpalaw.com

## **CERTIFICATE OF SERVICE**

    I, Daniel J. Griffith, attorney of record for Defendants, Choctaw County and Cloyd Halford, in his Individual Capacity, hereby certify that I have this day caused a true and correct copy of the above and foregoing *Motion for Summary Judgment* to be delivered VIA ECF FILING to the following Counsel of Record:

>Victor I. Fleitas, P.A.
>452 North Spring Street
>Tupelo, MS 38804
>Phone: 662-840-0270
>Fax: 662-840-1047
>Email: fleitasv@bellsouth.net
>**Attorney for Plaintiff**

    **DATED** this 20th day of June, 2016.

>>*/s/ Daniel J. Griffith*
>>Daniel J. Griffith