## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**JESSICA JAUCH**                                                            **PLAINTIFF**

**vs.**                                                            **CAUSE NO. 1:15-CV-75-SA-SAA**

**CHOCTAW COUNTY and**
**CLOYD HALFORD, In His**
**Individual Capacity**                                    **DEFENDANTS**

### MEMORANDUM OF AUTHORITIES

**DEFENDANTS, CHOCTAW COUNTY** and **CLOYD HALFORD,** in his Individual

Capacity as Sheriff, by Counsel, respectfully submit this Memorandum of Authorities in Support of

its Motion for Summary Judgment and the accompanying Stipulation of Facts filed in this matter.

### 1. PREMISE

Plaintiff, Jessica Jauch, seeks to have the Court find liability against the county official,

Defendant Sheriff Halford, holding her pursuant to court order in the conspicuous absence of the

state officials responsible for her arraignment, appointment of counsel and determination of bond.

There is no genuine issue of disputed material fact as counsel for Plaintiff Jauch and Defendants

have entered into a Stipulation of Facts filed in conjunction with cross-motions for summary

judgment.

Substantive state law provisions sourced from the Mississippi Constitution and Mississippi

Statutes are implemented in Uniform Rules of Criminal Procedure adopted by the Mississippi

Supreme Court and interpreted via Mississippi Case Law to establish the respective functions of the

local and state government offices of government regarding the detention, safe-keeping and access

to justice for Plaintiff Jauch as a criminal defendant detained in the Choctaw County Jail between

court terms pursuant to a felony indictment. Controlling federal authority addresses constitutional responsibility based upon what is provided under substantive state law. One cannot simply read the substantive state law for the State of Mississippi and conclude that it compels a Mississippi Sheriff to jump in and force a Mississippi District Attorney and Mississippi Circuit Judge to perform their duties. Put differently, the substantive law of the State of Mississippi establishes that county officials are not liable under the United States Constitution for functions of state officials. Because of this separation of duties and functions, the Court will find that qualified immunity and summary judgment are proper here.

## 2. BACKGROUND

We agree that Plaintiff Jauch states a plausible case for multiple constitutional deficiencies arising from a series of events where she came to the Choctaw County Jail pursuant to a grand jury capias (warrant), after the applicable circuit court term. (See Exhibit A, Plaintiff's Pre-Discovery Disclosures, p. 1; Exhibit B, Choctaw County Circuit Court File (CCCF), pp. 3-4, p. 51). Thereafter, no arraignment, bail, or attorney were effectively available for Plaintiff Jauch's felony charge represented by the capias until the arraignment day for the next term. (See Docket Entry 1, Complaint, p. 3; Exhibit B, CCCF, p.40). Upon getting bail and working with her court appointed attorney, sufficient evidence was uncovered with minimal investigation to secure a *nol pros* order. (See Exhibit B, CCCF p. 8, pp.10-11, pp. 33-34, pp. 36-39). Creatively, Plaintiff Jauch characterizes this as a refusal "to take Ms. Jauch before a judge". (See Docket Entry 1, Complaint at ¶ 20, "20. As a direct result of the Defendant Halford's alleged refusal to take Plaintiff Jauch before a judge, Plaintiff Jauch remained in jail from April 26, 2012 until July 31, 2012 without being brought before a judge for an initial appearance or arraignment, without bail, and without access to

counsel.".)   In point of fact, the stipulated record demonstrates that Plaintiff Jauch was able to dispose of local charges and was taken to every court date established by court order.[1]

We respectfully submit that the constitutional deficiencies alleged by Plaintiff Jauch represent functions which are exclusive to state officials.  We further respectfully submit that those functions of other state officials are simply not passed on to this county official (Sheriff Halford) in the absence of an order or an actionable legal duty arising under substantive state law.  Moreover, these functions of state officials do not impute legal duties actionable by federal tort to a county official simply because the applicable state official is otherwise immune.[2]  As a matter of law, the converse is actually true.[3]  The substantive law of the State of Mississippi establishes that a county official is not liable under the United States Constitution for functions of state officers.  Qualified immunity and summary judgment are proper here.  Every order of the circuit court and every function allocated to Sheriff Halford and Choctaw County by the substantive law of the State of Mississippi were followed.  As such, Sheriff Halford and Choctaw County are entitled to summary

---

[1]*Bourdeaux v. Warren County*, 66 Miss. 231 (Miss. 1888)(HOLDING "The capias being returnable forthwith, during the term of the court at which the same was awarded, it was not proper for the sheriff to take bond for the appearance of the accused, after he had arrested him. Code, § 340; Moss v. The State, 6 Howard 298. It was the duty of the sheriff, after arrest, to take the prisoner immediately to court ***according to the mandate of the writ.***")(Emphasis Added.).

[2]*Pembaur v. City of Cincinnati,* 475 U.S. 469, 479-80, 106 S. Ct. 1292, 1298, 89 L. Ed. 2d 452 (1986) (citing *Monell v. New York City Dept. of Soc. Serv.,* 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)) (A local government may only be held liable under §1983 for acts for which it is actually responsible.).

[3]*Polk County v. Dodson,* 454 U.S. 312, 325 (1981)(Public Defenders do not act "under color of state law" when representing indigent defendants and are therefore not amenable for suit under Section 1983.  Critical to this holding, the Supreme Court explained that it is the function performed by the public defenders, not who writes his paycheck, i.e., the municipal "employer", that determines a public defender's status.).

judgment as a matter of law.

### 3. ORAL ARGUMENT SUGGESTED

There are critical legal issues presented by this case. Defendants have joined with Plaintiff Jauch to craft a set of stipulations and supporting documents to aid in this analysis. We further suggest that oral argument would be beneficial to the Court.

### 4. FOUNDATIONAL CONCEPTS

County officials who held Plaintiff Jauch pursuant to court order are named here in the conspicuous absence of the state officials allocated the functions of arraignment, appointment of counsel and determination of bond under substantive state law. The foundational concepts below are presented for the benefit of the Court in determining the functions performed by the various state and local officials in the context of applicable state law.

#### A. Separation of Powers

*Mississippi Constitution,* Art. (1890), Distribution of Powers, § 1, provides: "The powers of the government of the State of Mississippi shall be divided into three distinct departments, and each of them confided to a separate magistracy, to-wit: those which are legislative to one, those which are judicial to another, and those which are executive to another." This immediately follows the directive of § 2: "No person or collection of persons, being one or belonging to one of these departments, shall exercise any power properly belonging to either of the others. . . ."

#### (1) Circuit Court Judge

The Mississippi Constitution provides: "A circuit court shall be held in each county at least twice in each year, and the judges of said courts may interchange circuits with each other in such manner as may be provided by law." *Miss. Const. Ann.* Art. 6, § 158 (2016). The Mississippi

Constitution further provides: "The circuit court shall have original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court, and such appellate jurisdiction as shall be prescribed by law." *Miss. Const. Ann.* Art. 6, § 156 (2016).

Once an indictment issues, it is beyond the authority of even the prosecuting attorney to simply dispose of the charges without approval of the circuit court judge.[4] Circuit courts have all the common-law power of English criminal courts to examine, try and deliver every prisoner who is in jail or under charge within the jurisdiction of the court.[5] In fact, an instruction by the court to a jury to find a defendant not guilty has the same effect as if a jury deliberated.[6]

In most instances, common law judicial immunity will control claims against a sitting judge.[7] Importantly, the immune acts of State Court Judges do not create liability in the alternative for local officials or the county.[8]

---

[4]See *Williams v. State,* 184 So.3d 908, 918 (Miss. 2015)(Citing *U.S. v. Cowan,* 524 F.2d 504, 509-10 (5th Cir. 1975)).

[5]*State v. Thornhill,* 251 Miss. 718, 722; 171 So.2d 308.310 (1965).

[6]*McGraw v. State,* 688 So.2d 764, 767 (Miss. 1997).

[7]*Sowers v. Darby,* 2009 U.S. Dist. LEXIS 21567(N.D. Miss. Mar. 17, 2009); 2009 WL 742730 (Tunica County Justice Court Judge Ellis Darby qualifies for full absolute judicial immunity for Plaintiff's federal law claims because he did not act in the clear absence of all jurisdiction. *2 Further, Plaintiff did not present a live case or controversy for declaratory or injunctive relief as required under Article III of the United States Constitution. *6); See also: *Holloway v. Walker,* 765 F.2d 517, 524 (5th Cir. Tex. 1985) (Citing *Butz v. Economou,* 98 S.Ct. 2894, 2913 (U.S. 1978). (The limits of judicial immunity are not to be set by subtle legalistic distinctions; rather, a broad functional approach is required. Judges have absolute immunity not because of their particular location within the government but because of the special nature of their responsibilities.).

[8]*Davis v. Tarrant County Tex.,* 565 F.3d 214, 228 (5th Cir. Tex. 2009)(*Cert. Denied,* 78 U.S.L.W. 3293 (2009); 130 Sct. 624. (Davis has failed to state a claim against Tarrant County because the Defendant Judges acted in their judicial capacities in selecting applicants for

**(2) Attorney General**

The Mississippi Constitution provides: "There shall be an Attorney General elected at the same time and in the same manner as the Governor is elected, whose term of office shall be four years and whose compensation shall be fixed by law. The qualifications for the Attorney General shall be the same as herein prescribed for judges of the circuit and chancery courts." *Miss. Const. Ann.* Art. 6, § 173 (2016).

**(3) District Attorney**

The Mississippi Constitution provides: "A district attorney for each circuit court district shall be selected in the manner provided by law, whose term of office shall be four years, whose duties shall be prescribed by law, and whose compensation shall be a fixed salary." *Miss. Const. Ann.* Art. 6, § 174.

The relationship between the position of attorney general and district attorney was explained in the 2015 case of *Williams v. State*, 184 So.3d 908, 913 (Miss. 2015) holding that the Mississippi Attorney General "is without authority to direct, control, or override the official actions of a local [Hinds County] district attorney and has no authority over him or her." *Williams* arose in the context of the Attorney General taking over a murder prosecution. The Mississippi Supreme Court explained:

> According to the common law of this State, the attorney general may advise the district attorney, but he neither can increase nor diminish the statutory power of the district attorney. Intervention of the attorney general into the independent discretion of a local district attorney regarding whether or not to prosecute a criminal case constitutes an impermissible diminution of the statutory power of the

---

inclusion on the rotating list of attorneys eligible for felony court appointments in Tarrant County.).

district attorney.

Id. (Citing *Capitol Stages v. State*, 157 Miss. 576, 128 So. 759, 763 (1930)).

Similarly, the Legislature cannot, directly or indirectly, abridge the terms of office of the district attorneys.[9] In fact, *Miss. Code Ann.* § 25-31-11 provides in relevant part:

> (1) It shall be the duty of the district attorney to represent the state in all matters coming before the grand juries of the counties within his district and to appear in the Circuit Court and ***prosecute for the state*** in his district all criminal prosecutions and civil cases in which the state or any county within his district may be interested ...

All powers of a district attorney are statutory and include "such incidental powers as necessarily attend the discharging of his statutory duties."[10]

The relationship between a district attorney and a sheriff is also clear. A district attorney is not authorized to act as a peace officer.[11]

Like judges, prosecutors are absolutely immune from claims stemming from the exercise of their prosecutorial duties.[12] Moreover, district attorneys are also considered State Officers who are in turn shielded from Section 1983 actions by Eleventh Amendment immunity.[13]

It takes a rare set of facts for the functions of a district attorney to have constitutional tort

---

[9]*Fant v. Gibbs,* 54 Miss. 396, 403 (Miss. 1877).

[10]*Adams v. State,* 202 Miss. 68, 74; 30 So.2d 593, 596 (1947).

[11]*Id.*

[12]*Imbler v. Pachtman,* 424 U.S. 409, 428 (1976) ; See also *Morrison v. Baton Rouge,* 761 F.2d 242, 247 (5th Cir 1985) (applying *Imbler* immunity to the Prosecutor's presentation of evidence at a grand jury hearing).

[13]*Chrissy F. v. Mississippi Dep't of Public Welfare,* 925 F.2d 844, 849 (5th Cir. 1991).

implications against a county.[14]  There are no such allegations in this case.  Hence, the actions of the applicable state officials here do not constitute the official policy of Choctaw County.[15]

### B. County Officers

Absent a conspiracy (which is not alleged) a state officer cannot subject a county or sheriff to liability under 42 U.S.C. §1983.[16]  "Sheriffs in Mississippi are final policymakers with respect to all law enforcement decisions made within their counties."[17]  Yet, a "policy" decision occurs when there is a "course of action consciously chosen from among various alternatives."[18]  Sheriffs are not allocated the function of arraigning prisoners, setting bond or appointing counsel.[19]

### C. Justice Court Jurisdiction

The Choctaw County Justice Court and Choctaw County Sheriff's Department are in the same building.  No deficiencies in arraignment (timeliness, indigent counsel, bond) are raised as to

---

[14]See *Turner v. Upton County,* 915 F.2d 133, 137-38 (5th Cir. 1990), cert. denied, 498 U.S. 1069; 112 L. Ed. 2d 850; 111 S. Ct. 788 (1991) (County may be held liable for the acts of District Attorney who entered into conspiracy with County Sheriff, the ultimate repository of law enforcement power in the County).

[15]*Krueger v. Reimer,* 66 F.3d 75, 76 (5th Cir. Tex. 1995).

[16]*Clanton v. Harris County,* 893 F.2d 757, 758 (5th Cir. Tex. 1990)(Affirmed dismissal of the Defendant County for damages arising from a State District Judge's alleged failure to appoint counsel to defend him from drug charges in timely fashion. Holding the County is not responsible under § 1983 for their actions in this regard.)(Citing *Hamill v. Wright,* 870 F.2d 1032 (5th Cir. 1989). "We affirm on that basis." *Id.*(Citing  See also *Clark v. Tarrant County,* 798 F.2d 736, 744 (5th Cir. 1986) (Texas District Judges "are undeniably state elected officials"); *Holloway v. Walker,* 765 F.2d 517 (5th Cir.), *cert. denied*, 474 U.S. 1037, 106 S. Ct. 605, 88 L. Ed. 2d 583 (1985); *Rheuark v. Shaw*, 628 F.2d 297 (5th Cir. 1980).

[17] *Brooks v. George Cty., Miss.,* 84 F.3d 157, 165 (5th Cir. 1996).  Citing *Huddleston v. Shirley*, 787 F. Supp. 109, 112 (N.D. Miss. 1992); See Also: *Miss. Code Ann.* § 19-25-1, *et. seq*

[18]*City of Oklahoma City v. Tuttle,* 471 U.S. 808, 822, 823 (1985).

[19]*Graham v. Tygrett,* 2013 U.S. Dist. LEXIS 61322, 15-16 (N.D. Tex. Apr. 30, 2013) ("The court has already held that Judge Tygrett 's actions were taken in his judicial capacity as a judge .... Thus, it is clear that Kaufman County can incur no section 1983 liability as a result of any acts taken by Judge Tygrett.").

any claim within the jurisdiction of the Choctaw County Justice Court. The jurisdiction of a justice court judge in criminal cases is limited as stated in the Mississippi Constitution which states:

> The justice court shall have jurisdiction concurrent with the circuit court over all crimes whereof the punishment prescribed does not extend beyond a fine and imprisonment in the county jail; but the Legislature may confer on the justice court exclusive jurisdiction in such petty misdemeanors as the Legislature shall see proper.[20]

Beyond the complete loss of jurisdiction experienced AFTER a grand jury indictment, "[a] local judge acting in his or her judicial capacity is not considered a local government official whose actions are attributable to the county."[21]

### D. Circuit Court Jurisdiction

*Miss. Const. Ann. Art.* 6, § 156 (2016) provides in relevant part: "The circuit court shall have original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court, and such appellate jurisdiction as shall be prescribed by law."

Interestingly, *Title 9. Courts, Chapter 7. Circuit Courts - Jurisdiction, Powers and Authority* at *Miss. Code Ann.* § 9-7-87 (Special terms; jurisdiction; juries for) places the function of calling a special term within the exclusive jurisdiction of a judicial state officer, not a county sheriff.

### E. Circuit Court Rules

The Mississippi Constitution provides: "The judicial power of the State shall be vested in a Supreme Court and such other courts as are provided for in this Constitution." *Miss. Const. Ann.* Art. 6, § 144 (2016). "The phrase 'judicial power' in section 144 of the Constitution includes the power to make rules of practice and procedure, not inconsistent with the Constitution, for the

---

[20]*Miss. Const. Ann.* Art. 6, § 171 (2016).

[21]*Krueger v. Reimer,* 66 F.3d 75, 77 (5th Cir. 1995)(Citing *Johnson v. Moore,* 958 F.2d 92, 94 (5th Cir. 1992); *Carbalan v. Vaughn,* 760 F.2d 662, 665 (5th Cir.) *cert. denied*, 474 U.S. 10007; 106 S. Ct. 529; 88 L .Ed. 2d 461 (1985)).

efficient disposition of judicial business."[22]

Pursuant to this authority, the various courts are subject to rules adopted by the Mississippi Supreme Court.[23] To this end, the Mississippi Supreme Court has adopted Resolution 23 which states that "the Judicial Branch, in our constitutional structure, shoulders primary responsibility to preserve and protect equal justice and take action to ensure access to the justice system for those who face impediments they are unable to surmount on their own".[24] Hence, we see programs affording greater access to the legal system sponsored on an ongoing basis by the court.[25] We also see rules adopted pursuant to "the inherent power of this [the Supreme Court] to promulgate procedural rules, which emanates from the fundamental constitutional concept of the separation of powers and the vesting of judicial powers in the courts."[26]

Specifically applicable to Plaintiff Jauch, and under *Miss. URCCC* Rule 8.01, a person who has been served with a capias (warrant) between court terms is entitled to arraignment within thirty (30) days after service of the indictment.[27] Considerations of the accused's right to reasonable bond, appointment of counsel for the indigent and all of the matters necessary to afford a fair trial are proscribed under the rules that follow, but are functions of the **STATE**.

---

[22]*Southern Pacific Lbr. Co. v. Reynolds,* 206 So.2d 334, 335 (Miss. 1968).

[23]*In re Establishing the Miss. Access to Justice Comm'n,* 2006 Miss. LEXIS 350 (Miss. June 28, 2006) ("WHEREAS, Article 6, Section 144, of the Mississippi Constitution vests in this Court the primary responsibility for the judiciary in the State of Mississippi and the administration of, and access to, justice for all who desire to come before its courts").

[24]*Id.*

[25]*In re Miss. Access to Justice Comm'n,* 2015 Miss. LEXIS 569 (Miss. Nov. 16, 2015).

[26]*Newell v. State,* 308 So. 2d 71,76 (Miss. 1975).

[27]See *Miss. Code Ann.* § 9-7-87 (Authority to call a special term is within the exclusive jurisdiction of the circuit court.).

**F.   Right to Speedy Trial after Indictment**

For a Mississippi felony, this is a function of the **STATE**.[28]

**G.   Right to Bail after Indictment**

For a Mississippi felony, this is a function of the **STATE**. "This power to admit to bail, and its accompanying obligation to scrutinize sureties, is clearly a judicial act."[29]

**H.   Right to Counsel after Indictment**

For a Mississippi felony, this is a function of the **STATE**.[30]

**I.   Related State Law Immunity Concepts**[31]

> **(i). Individual** - An individual employee of a governmental entity in Mississippi is immune from torts arising under State law which occur within the course and scope of their employment. *Miss Code Ann.* §11-46-5. The employing entity is responsible for their defense and indemnification under certain circumstances.[32]

> **(ii). Entities** - Employees of a sheriff's department are county employees within the meeting of the MTCA.[33] Counties are separate and distinct political entities from the

---

[28]*Clark v. State,* 1998 Miss. App. LEXIS 634 (Miss. Ct. App. Aug. 4, 1998)(the "State is responsible for ensuring that the defendant receives a speedy trial as guaranteed by the United States and Mississippi Constitutions."). See also, *Taylor v. State*, 162 So.3d 780, 786 (Miss. 2015)("...it is the State's duty to ensure that the defendant receives a speedy trial....")

[29]*Jefferson v. City of Hazlehurst,* 936 F. Supp. 382, 389 (S.D. Miss. 1995).

[30]*Miss. Code Ann.* §25-32-3(1) provides in relevant part that "the circuit judge . . . shall appoint a practicing attorney to serve the county or counties as public defender . . . ").

[31]There are no state law claims here. This discussion is for context.

[32]*Nelson v. Sparks,* No. 1:15-CV-26-SA-DAS, 2016 WL 55350, at *2 (N.D. Miss. Jan. 4, 2016).

[33]*Lee v. Thompson*, 859 So.2d 981, 987 (Miss. 2003); *Brown v. Thompson*, 927 So.2d 733, 736 (Miss. 2006); See also MCA §11-46-9(1).

State and its departments. Choctaw County only has MTCA liability for covered acts or omissions of its own employees.

**(iii) Entity Immunity** - The MTCA affords immunity for acts in furtherance of judicial action, compliance with a statute or regulation, law-enforcement immunity, discretionary immunity, failure to exhaust remedies and any claim of a law enforcement detainee.

## J. Related Federal Concepts

## (1) Qualified Immunity

Qualified immunity is a viable defense unless the existence of a constitutional violation is "beyond debate."[34] When qualified immunity is claimed, the burden is on the plaintiff to show it is not applicable.[35]

"The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[36] "Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law.'"[37] When evaluating a qualified immunity defense, the court conducts a "well-known" two-prong inquiry.[38] "In order to overcome a qualified immunity defense, a plaintiff must allege a violation of a constitutional right, and then must show

---

[34]*Ashcroft v. Al-Kidd,* 563 U.S. 731, 741; 131 S. Ct. 2074, 2083; 179 L. Ed. 2d 1149 (2011).

[35]E.g., *Brumfield v. Hollins,* 551 F.3d 322, 326 (5th Cir. 2008).

[36]*Mullenix v. Luna,* 136 S. Ct. 305, 308; 193 L. Ed. 2d 255 (2015) (quoting *Pearson v. Callahan,* 555 U.S. 223; 231, 129 S. Ct. 808; 172 L. Ed. 2d 565 (2009)).

[37]*Id.* (quoting *Malley v. Briggs,* 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986)).

[38]*Bazan ex rel. Bazan v. Hidalgo Cty.,* 246 F.3d 481, 490 (5th Cir. 2001).

that 'the right was clearly established . . . in light of the specific context of the case.'"[39] Furthermore, courts have the discretion to "address these two elements in either order, and need not proceed to the second where the first is resolved in the negative."[40]

### (2) Official Capacity

For official liability to attach under §1983, a plaintiff must identify a policy maker, an official policy, and a violation of constitutional rights whose "moving force" is the policy or custom.[41] In other words, a county cannot be held liable for constitutional violations committed by its employees, unless those violations resulted directly from the county's customs or policies.[42] "A municipality's liability under §1983 requires, among other things, either the unconstitutional action of municipal policymakers or a municipal policy."[43]

### (3) State Official immunity (11th Amendment)

A state official is immune from suit in federal court for equitable relief based on state law because the Eleventh Amendment denies federal courts the jurisdiction to issue such injunctions against state officials, unless the case falls under the "ultra vires" exception of the Eleventh Amendment Immunity. "'A state officer may be said to act ultra vires only when he acts without any

---

[39]*Thompson v. Mercer,* 762 F.3d 433, 437 (5th Cir. 2014) (emphasis added) (quoting *Saucier v. Katz,* 533 U.S. 194, 201; 121 S. Ct. 2151; 150 L. Ed. 2d 272 (2001)).

[40]*Id.* (citations omitted).

[41]*Pitrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001) (Citing: *Monell v. Dept. Of Social Sciences,* 436 U.S. 658, 694; 98 S.Ct. 2018, 2037 (1978)).

[42]*Conner v. Travis County,* 209 F. 3d 794, 796 (5th Cir. 2000).

[43]*Burton v. City of Senatobia,* 2008 U.S. Dist. LEXIS 16376; 2008 WL 619301 *6 (Citing *Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force,* 379 F.3d 293, 309 (5th Cir. 2004)).

authority whatever...'"[44]

Eleventh Amendment immunity bars suits by private citizens against a state and state officers in federal court. Official capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent,"[45] Therefore, the Eleventh Amendment bar extends to suits against state actors sued in their official capacities.[46] The circuit judge and district attorney who handled Plaintiff's case are state officials entitled to Eleventh Amendment immunity.[47]

### (4) *McMillan* **Analogy**

In the State of Alabama, a sheriff is a state office holder.[48] Under Plaintiff Jauch's theory (but not under Mississippi law), Sheriff Halford would transform from a county official to a state official, liable for the functions other state officials in the absence of any actionable legal duty under substantive state law. This is simply not supported by the substantive law of Mississippi.

### 4. SUMMARY OF THE ARGUMENT

In the present matter, Sheriff Halford is the elected county official with policymaking authority over law enforcement. However, that authority does not make him responsible for functions, duties and/or responsibilities of other state officials under Mississippi law. Sheriff

---

[44]*Holloway v. Walker,* 765 F.2d 517, 525 (5th Cir. Tex. 1985), Quoting *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89; 104 S.Ct. 900;79 L.Ed.2d 67 (1984).

[45]*Hafer v. Melo*, 502 U.S. 21, 25 (1991) (internal quotations omitted) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).

[46]*KP v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010) Citing *Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 320 (2008).); *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004) (Eleventh Amendment "generally precludes actions against state officers in their official capacities")).

[47]*Davis v. Tarrant County, Texas*, 565 F.3d 214, 228 (5th Cir. 2009); *Chrissy F. by Medley v. Mississippi Dept. of Public Welfare*, 925 F.2d 844, 849 (5th Cir. 1991).

[48]*McMillian v. Monroe County,* 520 U.S. 781, 284; 117 S. Ct. 1734, 1737; 138 L. Ed. 2d 1 (1997).

Halford undisputably complied with all orders of the Choctaw County Circuit Court. It cannot be said that it is ***blatantly wrong*** for a sheriff to follow an order of the court with exclusive jurisdiction. His conduct is reasonable under clearly established law. Court rules promulgated by the Mississippi Supreme Court for hearings, bail and appointment of counsel are not county policy. The acts or omissions of the state court judges and district Attorneys are not the custom and practice of Choctaw County. Hence, Plaintiff Jauch's cause of action and entire lawsuit against Sheriff Halford and Choctaw County fail as a matter of law for want of a policymaker, policy or causation.

## 5. ARGUMENT

The crux of Plaintiff Jauch's Complaint is that the her pre-arraignment detention deprived her of due process, and was therefore punitive. However, her detention by local officials pursuant to court order of a state official was reasonable and did not offend due process. While the Eighth Amendment protects inmates from cruel and unusual punishment, the Due Process Clause of the Fourteenth Amendment protects pretrial detainees, such as Plaintiff Jauch, from *any* punishment during their detention.[49]

A detention does not automatically equate to a punishment. Rather, a pretrial detention is constitutional where it serves a regulatory purpose —not as a punishment against the accused.[50] Courts are afforded wide latitude when determining whether a regulatory purpose exists, and the government's regulatory interest can outweigh an individual's liberty interest in various

---

[49] *See Bell v. Wolfish*, 441 U.S. 520, 540 (1979)("We need not here attempt to detail the precise extent of the legitimate governmental interests that may justify conditions or restrictions of pretrial detention. It is enough simply to recognize that in addition to ensuring the detainees' presence at trial, the effective management of the detention facility, once the individual is confined, is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment.")

[50] *U.S. v. Salerno*, 481 U.S. 739, 746-747 (1987).

circumstances, such as where an accused is mentally unstable and presents a danger to the public,[51]

a post-arrest regulatory detention of a juvenile when he presents a danger to the community,[52] where

a suspect is arrested and held until a neutral magistrate determines whether probable cause exists,[53]

or where an arrestee presents a flight-risk.[54]

A delayed detention by law enforcement can also give rise to an inference of punitive

conduct, albeit in limited circumstances. Examples of unreasonable delays at the hands of local

officials are those where the delay's purpose is to gather additional evidence to justify the arrest, is

motived by ill will against the arrested individual, or "delayed for delay's sake".[55] In evaluating

whether the delay in a particular case is unreasonable, however, courts must allow a substantial

degree of flexibility.[56] Courts cannot ignore the often unavoidable delays in . . . other practical

realities."[57] In the context of § 1983 claims, such as this case, in addition to following Supreme Court

precedent concerning pre-trial detainees, the Fifth Circuit has adopted a deliberate indifference

standard to detainees' claims.[58]

In this case, the County did not detain Plaintiff Jauch to gather additional evidence, with ill

will, or for the sake of delay, nor did it demonstrate a deliberate indifference to Plaintiff Jauch's

liberty interest. Rather, local officials held her until the next scheduled term of court (a local

---

[51] *Addington v. Texas*, 441 U.S. 418, 426 (1979).

[52] *Schall v. Martin*, 467 U.S. 253, 256-257 (1984).

[53] *Gerstein v. Pugh*. 420 U.S. 103, 113 (1975).

[54] *Bell v. Wolfish*, 441 U.S., at 534.

[55] *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991).

[56] *Id.* at 56.

[57] *Id.* at 56-57.

[58] *See Hare v. City of Corinth, Miss.*, 74 F.3d 633, 643 (5th Cir. 1996).

function), so that she could be arraigned by a circuit court judge (a state function). By law, the local officials here do not have jurisdiction to set a special court term.[59] Fault or liability cannot be imputed upon Sheriff Halford due to the time it took for a state function to take place.

Ultimately, the Choctaw County Sheriff's Office,[60] Choctaw County District Attorney,[61] or Circuit Court Judge[62] clearly should have provided Plaintiff Jauch with an appearance before the Circuit Court of Choctaw County within the time proscribed by the Mississippi Uniform Circuit and County Court Rules (*See* UCCR 8.01 - within 30 days after service).

### Was this the Sheriff's burden?

There is no constitutional, statutory or case authority to suggest this. The constitutional roles of the respective actors, when compared with his own constitutional and statuary role suggests that a sheriff simply does not have a burden to act as a *de facto* court administrator to issue orders setting court functions and he certainly cannot set a special term of court.

*Miss Code Ann.* § 19-25-35 explains the sheriff's duty to attend courts, jail committed persons, and execute orders and decrees. It states:

> The sheriff shall be the executive officer of the circuit and chancery court of his county, and he shall attend all the sessions thereof with a sufficient number of deputies or bailiffs. He shall execute all orders and decrees of said courts directed to him to be executed. He shall take into his custody, and safely keep, in the jail of his county, all persons committed by order of either of said courts, or by any process issuing therefrom, or lawfully required to be held for appearance before either of them.[63]

---

[59]*Miss. Code Ann.* § 9-7-87.

[60]A County Elected Official per *Miss. Const. Ann. Art.* 5, § 135.

[61]A State Officer per *Miss. Const. Ann. Art.* 6, § 174.

[62]A State Officer per *Miss. Const. Ann. Art.* 6, § 152.

[63]*Miss. Code Ann* § 19-25-35.

*Miss. Code Ann.* §19-25-69 further elaborates on the sheriff's statutory function, providing in relevant part:

> The sheriff shall have charge of the courthouse and jail of his county, of the premises belonging thereto, and of the prisoners in said jail.[64](emphasis added).

### *(Clearly Established Law in This Circuit)*

Consider the case of *Hamill v. Wright,* 870 F.2d 1032, 1038 (5th Cir. Tex. 1989), Tarrant County, Texas where defendant's county and sheriff had no authority or duty under the substantive law of the State of Texas to provide indigents with counsel, and no authority over state judges to force them to appoint counsel. There, the analysis of the Fifth Circuit appears to fit the instant case:

> Hamill's complaint as to Tarrant County confusingly asserts that he does not complain of its failure to appoint counsel for him, but does complain that it had an obligation to provide him with the services of an attorney. In any event, however, Texas law makes only state court judges responsible for appointing attorneys for indigent criminal defendants. A county can exercise no authority over state court judges, as the latter are not county officials. Cf. *Holloway,* 765 F.2d at 525 (holding that state district judges, not being local officials, enjoy Eleventh Amendment immunity); *Clark v. Tarrant County,* 798 F.2d 736, 743-44 (5th Cir.), reh'g denied, 802 F.2d 455 (5th Cir. 1986) (finding that the Tarrant County Adult Probation Department was immune from suit under the Eleventh Amendment because controlled by state district judges rather than the county).

Respectfully, the Constitution, Court Rules and Statutes of the State of Mississippi in play here, suggest the same result. The existence of this precedent fails to compel the conclusion that no reasonable sheriff could have believed it lawful to hold Plaintiff Jauch in the Choctaw County Jail until her ultimate arraignment before a state court judge, state court prosecutor and judicially appointed defense counsel. This establishes qualified immunity as a matter of law.[65]

------

[64]*Miss. Code Ann* §19-25-69 (emphasis added).

[65]*Reichle v. Howards,* 132 S. Ct. 2088, 2094, 182 L. Ed. 2d 985 (2012) (assuming arguendo that controlling circuit court precedent could "be a dispositive source of clearly established law in the circumstances of this case"); cf. *McClendon v. City of Columbia,* 305 F.3d 314, 329 (5th Cir. 2002) (en banc) ("[I]n the absence of directly controlling authority, a consensus of cases of persuasive authority might, under some circumstances, be *sufficient to*

*(Setting Bail After Indictment)*

In the 2009 case of *Cunningham v. City of W. Point,* 2009 U.S. Dist. LEXIS 89798; 2009 WL 316331 (N.D. Miss. Sept. 29, 2009)(Biggers) the court addressed claims against the defendant city which included bail bond practices for municipal detainees. The plaintiff identified the actions of the municipal court prosecutor and municipal judge as establishing policy for the defendant city. Quoting *Pembaur,*[66] Judge Biggers stated "The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable." *Id.* Importantly, there was no evidence that the city prosecutor had authority to establish policy with regard to bail or that he made any final decision which was then executed. His authority was limited to merely making a recommendation regarding bail to the municipal judge who was in turn immune and not a policy-maker for the city either. This ruling was affirmed by the Fifth Circuit[67] and *certiorari* was denied.[68][69]

*(Appointment of Counsel After Indictment)*

Importantly, in the case of *Polk County v. Dodson,* 454 U.S. 312, 325 (1981), the Supreme Court held that public defenders do not act "under color of state law" when representing indigent defendants and are therefore not amenable for suit under Section 1983. Critical to this holding, the

---

*compel the conclusion that no reasonable officer could have believed* that his or her actions were lawful.")(emphasis added).

[66]*Pembaur v. City of Cincinnati,* 475 U.S. 469, 483 (U.S. 1986).

[67]*Cunningham v. City of West Point,* 380 Fed. Appx. 419, 2010 U.S. App. LEXIS 11531 (5th Cir. Miss. 2010).

[68]*Cunningham v. City of West Point,* 562 U.S. 1012; 131 S. Ct. 526; 178 L. Ed. 2d 388; 2010 U.S. LEXIS 8587; 79 U.S.L.W. 3269 (2010).

[69]*Wallace v. Quitman Cnty.,* 2016 U.S. Dist. LEXIS 66750; 2016 WL 2968209 (N.D. Miss. May 20, 2016)(Summary judgment for county on excessive bail claims.).

Supreme Court explained that it is the function performed by the public defenders, not who writes his paycheck, i.e., the municipal "employer", that determines a public defender's status. *Id.* at 321. In fact, *Dodson* stated that the county cannot exercise any control over public defenders in their legal representation of defendants and dismissed the claims directly against the county. *Id.* at 322, 325-327.

*(No Underlying Post-Indictment County Duty)*

In order to sustain her claim, the plaintiff must show she suffered a deprivation of her constitutional rights as a result of some official policy, practice, or custom of the county.[70] Yet, Plaintiff Jauch cannot demonstrate that Choctaw County (or the Sheriff) caused her to suffer a constitutional deprivation as Choctaw County is not responsible for appointing counsel for individuals held after indictment. In fact, Choctaw County has absolutely no authority to appoint counsel for indigent defendants. Mississippi law provides that , "[w]hen any person shall be charged with a felony…the court or the judge…being satisfied such person is an indigent person and is unable to employ counsel, may, in the discretion of the court, appoint counsel to defend him."[71]

The lack of a necessary underlying county function is highlighted by UCCR Rule 8.05 as well, which states that when a defendant desires to act as his own attorney the court shall inform the defendant that "[t]he defendant has a right to an attorney, and if the defendant cannot afford an attorney, the state will appoint one free of charge to the defendant to defend or assist the defendant in his/her defense." *Id.*

Because Choctaw County is not responsible for appointing counsel for indigent defendants,

---

[70] *Monell v. Department of Social Servs. of the City of New York,* 436 U.S. 658, 694 (1978).

[71] *Miss. Code Ann.* §99-15-15 (emphasis added); see also, *Miss. Code Ann.* §99-15-17 (stating that judge determines compensation for appointed attorneys for indigent defendants).

the Plaintiff cannot demonstrate an underlying constitutional violation which is an essential element for municipal liability.[72]

Clearly, the Uniform Rules are judicial in nature and adopted pursuant to the constitutional authority of the judiciary.[73] Here, the Circuit Court of Choctaw County (state officer) had exclusive jurisdiction[74] and was authorized to set and hear matters in vacation.[75] In this case, every order of the circuit court applicable to local officials was followed. It is incumbent upon Plaintiff Jauch to show what more the Choctaw County Sheriff should reasonably have done when these are state functions at issue.[76] In doing so, we submit that duties of other state officials are simply not passed on to county official in the absence of an order. Moreover, these duties are not something that should imputed to a sheriff simply because the applicable state official may or may not be otherwise immune.[77]

Ultimately, in this case, the county and sheriff are defendants because they are the low

---

[72]See *Hamill*, 870 F.2d at 1038 ("County has no duty to provide indigents with counsel, and no authority over state judges to force them to, so the claim against the county is properly dismissed."); *Becerra v. Asher*, 105 F. 3d 1042, 1047-1048 (5th Cir. 1997)(underlying violation essential element of municipal liability.).

[73]*Miss. Const. Ann. Art.* 6, § 144 ("The judicial power of the State shall be vested in a Supreme Court and such other courts as are provided for in this Constitution.").

[74]*Miss. Const. Ann. Art. 6*, § 156 (2014)("The circuit court shall have original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court, and such appellate jurisdiction as shall be prescribed by law.").

[75]*Miss. Code Ann.* § 9-7-87 (Special Terms).

[76]*Gray v. Tunica County*, 279 F. Supp. 789, 796 (N. Dist. Miss. 2003)("As to the third element requiring that the official policy or custom be the moving force of the constitutional violation - a heightened standard of causation - the plaintiffs fail to show what more could have reasonably been done.").

[77]*Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80, 106 S. Ct. 1292, 1298, 89 L. Ed. 2d 452 (1986) (citing *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978))(A local government may only be held liable under §1983 for acts for which it is actually responsible.).

hanging fruit. Logically, Plaintiff Jauch's legal theory would require a finding that a Mississippi Sheriff is an arm of the state.[78] This would position a Mississippi Sheriff sued in his official capacity similarly to an Alabama Sheriff.[79] That just isn't the case in Mississippi. The constitutional duty of a sheriff is deeply rooted in what is required by state law.[80] Unlike in Alabama, the Mississippi Legislature has not chosen to make a sheriff a state official.[81]

### 6. CONCLUSION

Our position is that the local officials did everything required of them under the substantive law of Mississippi by accepting custody of Plaintiff Jauch pursuant to court order, serving her with the indictment, immediately returning the indictment to the court and then maintaining safe and humane custody of her until her release was authorized. The delay in detention complained of was a failure of state officials to perform functions allocated to the state under the substantive law of Mississippi. Having demonstrated that the substantive law of the State of Mississippi establishes that county officials are not liable under the United States Constitution for functions of state officials, qualified immunity and summary judgment are proper here. Respectfully, we pray for summary judgment for these local Defendants.

---

[78]*Manders v. Lee,* 338 F.3d 1304 (11th Cir. 2003)(The state had managerial prerogative: (a) to incarcerate state offenders, pretrial and post-conviction, in county jails; (b) to assign sheriffs certain specific state functions in law enforcement, state courts, and corrections, including putting them in charge of state offenders in county jails; (c) to control sheriffs' duties, train sheriffs in those duties, and discipline sheriffs; (d) to preclude county control over sheriffs but nonetheless require counties to fund the jail and sheriffs' budgets; and (e) for the state to pay for sheriffs' training and discipline, as well as certain state offenders in the county jail. Thus, the sheriff performed as an arm of the state and was entitled to Eleventh Amendment immunity for these functions.).

[79]*McMillian v. Monroe County,* 520 U.S. 781, 117 S. Ct. 1734, 138 L. Ed. 2d 1 (1997).

[80]Id.

[81]Id.; *Mississippi Constitution* Art. 1 § (1890) Distribution of Powers.

**RESPECTFULLY SUBMITTED** this the 20th day of June, 2016.

**DEFENDANTS**

By: _/s/ Daniel J. Griffith_

Daniel J. Griffith, MS Bar No. 8366
Arnold U. Luciano, MS Bar No. 99198
Attorneys for Defendants

Of Counsel:

Jacks Griffith Luciano, P.A.,
P. O. Box 1209
150 North Sharpe Avenue
Cleveland, MS 38732
telephone: (662) 843-6171
facsimile: (662) 843-6176
dgriffith@jlpalaw.com
www.jlpalaw.com

## CERTIFICATE OF SERVICE

I, Daniel J. Griffith, attorney of record for Defendants, Choctaw County and Cloyd Halford, in his Individual Capacity, hereby certify that I have this day caused a true and correct copy of the above and foregoing *Memorandum of Authorities* to be delivered VIA ECF FILING to the following Counsel of Record:

Victor I. Fleitas, P.A.
452 North Spring Street
Tupelo, MS 38804
Phone: 662-840-0270
Fax: 662-840-1047
Email: fleitasv@bellsouth.net
**Attorney for Plaintiff**

**DATED** this 20th day of June, 2016.

_/s/ Daniel J. Griffith_
Daniel J. Griffith