IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JESSICA JAUCH**                                                                  **PLAINTIFF**

vs. CAUSE NO. 1:15-CV-75-SA-SAA

**CHOCTAW COUNTY** and
**CLOYD HALFORD, In His**
**Individual Capacity**                                                            **DEFENDANTS**

RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

**DEFENDANTS, CHOCTAW COUNTY** and **CLOYD HALFORD,** in his Individual Capacity as Sheriff, by Counsel, respectfully submit this Response in Opposition to Plaintiff's Motion for Summary Judgment pursuant to *Fed. R. Civ. Proc*. Rule 56, to wit

**1. BACKGROUND:** There is no genuine issue of disputed material fact as counsel for the Plaintiff and Defendants have entered into a Stipulation of Facts filed in conjunction with cross-motions for summary judgment. [Docket Entry 23]. The point of contention here is that Plaintiff Jauch seeks to have the Court find liability against the county official, Defendant Sheriff Halford, for holding her pursuant to court order in the conspicuous absence of the state officials responsible for her arraignment, appointment of counsel and determination of bond. [Docket Entry 20]. Defendants respectfully oppose the contention of Plaintiff and submit instead that the substantive law of the State of Mississippi establishes that county officials are not liable under the United States Constitution for functions of state officials. [Docket Entry 23].

**2. LIBERTY CONTROLLED BY STATE COURT ORDER:** Plaintiff Jauch provides numerous cases and an extensive arguments as to how a lengthy delay between arrest and an initial court appearance violated her liberty interests. However, interestingly absent from her conclusion

that Defendants are liable are her arguments as to how Sheriff Halford and Choctaw County are responsible after a grand jury indicted Plaintiff Jauch on a felony charge for which she was arrested after the applicable circuit court term and for the misgivings and/or failures (if any) for the State Actors involved, after arrest.

> STATE OF MISSISSIPPI
> CHOCTAW COUNTY
> I HAVE THIS DAY EXECUTED THE WITHIN WRIT PERSONALLY BY DELIVERING TO
> JESSICA JAUCH
> A TRUE COPY OF THIS WRIT
> THIS THE 24 DAY OF APRIL 20 12
> CLOYD HALFORD, SHERIFF
> BY Thomas Raybourn

The key jurisdictional event here is a charge exclusive to a circuit court under substantive Mississippi Law. [See *Miss. Const. Ann. Art. 6,* § 156 (2016)]. **A circuit court order required the Sheriff to hold and safely keep Plaintiff Jauch until further order of the issuing court**.[1] (Emphasis added.) Every order of the Circuit Court having exclusive jurisdiction was followed. Sheriffs do not set felony bonds, appoint counsel or conduct hearings. Circuit Court Judges and District Attorneys are state officials who set felony bonds, appoint counsel or conduct hearings. Consistent with the constitutional safeguards articulated by Plaintiff Jauch, the Mississippi Supreme Court has contemplated this exact scenario (arrest by CAPIAS after the court term) requiring appearance before a circuit judge, appointment of counsel and consideration of bond within 30 days. [UCCR, Rule 801]. Yet, the next action by the court was a notice to a public defender in early July

---

[1] Exhibit B ("To the Sheriff of said County - Greetings: You are hereby commanded to take Jessica Jauch if to be found in your County, and him/her safely keep, so that you have his/her body before the Circuit Court of the County of Choctaw, in said State, at the Courthouse in the town of Ackerman , MS, on the 31st day of January, 2012, then and there to answer the State of Mississippi on an indictment found against him/her on the 24th day of January, 2012, for: Ct. 1: Sale of Schedule IV Controlled Substance.").

and an arraingment day on July 31, 2015.[2]

    3.   **CONTROLLING PREMISE:** "A local government may only be held liable under §1983 for acts for which it is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479-80, 106 S. Ct. 1292, 1298, 89 L. Ed. 2d 452 (1986) (citing *Monell v. New York City Dept. of Soc. Serv.,* 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). Mississippi substantive law established the STATE as having exclusive control of Plaintiff Jauch's liberty. Under like circumstances, the 5th Circuit found in favor of the local sheriff and county government. *Hamill v. Wright,* 870 F.2d 1032, 1038 (5th Cir. Tex. 1989)(sheriff who executed facially valid warrant was entitled to qualified immunity from civil rights of claims and county could not be held liable in civil rights action for denial of right to counsel since state law made only state court judges responsible for appointing attorneys and county could exercise no authority over state court judges.)

    4.   **QUALIFIED IMMUNITY:** The substantive law of Mississippi (the State has exclusive control of Plaintiff Jauch's liberty), application of the controlling United States Supreme Court premise (*Pembaur*) and the controlling 5th Circuit (*Hamill*) precedent fails compel the conclusion that no reasonable sheriff could have believed it lawful to hold Plaintiff Jauch in the Choctaw County Jail until her ultimate arraignment before a state court judge, state court prosecutor and judicially appointed defense counsel.

    5.   **OFFICIAL LIABILITY:** Although the learned judge from the case of *Cunningham v. City of W Point,* 2009 U.S. Dist. LEXIS 89798; 2009 WL 316331 (N.D. Miss. Sept. 29, 2009)

---

[2]Exhibit B ("JESSICA JAUCH, indicted on a charge of SALE OF SCHEDULE IV CONTROLLED SUBSTANCE, was served a copy of the indictment and arraigned, waived reading of the indictment, and entered a plea of not guilty. Honorable Joey Hood, Choctaw County Public Defender, Ackerman Mississippi, was appointed as counsel. Bond was set at $15,000 in this cause. Trial was set for Monday, August 20, 2012;").

would no-doubt be the first to tell us that the ruling of one district judge is not necessarily binding on this Court, an affirmation by the 5th Circuit and a denial of certiorari by the SCOTUS says otherwise here. The fact that a sheriff is not authorized to make final government policy regarding arraingment, bail or appointment of counsel for an individual help pursuant to a felony indictment is dispositive of official claims.

**WHEREFORE,** Defendants respectfully pray that the Court find and determine:

1. There are no genuine issues of material fact;

2. Defendants are COUNTY OFFICIALS under the substantive law of Mississippi;

3. The functions at issue here are those of STATE OFFICIALS;

4. That partial summary judgment for Plaintiff should be denied;

5. That Defendants are entitled to judgment summary judgment; and

6. Enter a final judgment in Defendants' favor with all costs assessed to Plaintiff.

**RESPECTFULLY SUBMITTED** this the 7th day of July, 2016.

                            **DEFENDANTS**

                          By:    /s/ Daniel J. Griffith
                                Daniel J. Griffith, MS Bar No. 8366
                                Arnold U. Luciano, MS Bar No. 99198
                                Attorneys for Defendants

Of Counsel:

**Jacks Griffith Luciano, P.A.,**
P. O. Box 1209
150 North Sharpe Avenue Cleveland, MS 38732
telephone: (662) 843-6171
facsimile: (662) 843-6176
dgriffith@jlpalaw.com
www.jlpalaw.com

## CERTIFICATE OF SERVICE

  I, Daniel J. Griffith, attorney of record for Defendants, Choctaw County and Cloyd Halford, in his Individual Capacity, hereby certify that I have this day caused a true and correct copy of the above and foregoing Response in Opposition to Plaintiff's Motion for Partial Summary Judgment to be delivered VIA ECF FILING to the following Counsel of Record:

    Victor I. Fleitas, P.A.
    452 North Spring Street Tupelo, MS 38804
    Phone: 662-840-0270
    Fax: 662-840-1047
    Email: fleitasv@bellsouth.net
    Attorney for Plaintiff

DATED this 7th day of July, 2016.

        /s/ Daniel J. Griffith
        Daniel J. Griffith