IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                                                              PLAINTIFF

V.                                                                           CIVIL ACTION NO. 1:15-CV-75-SA-SAA

CHOCTAW COUNTY, and
CLOYD HALFORD                                                                                           DEFENDANTS

MEMORANDUM OPINION

The Defendants, Choctaw County and Choctaw County Sheriff Cloyd Halford, sued in his individual capacity, filed a Motion for Summary Judgment [18]. Plaintiff Jauch filed a Cross-Motion for Partial Summary Judgment [20] requesting that the Court make a finding of liability against the Defendants. Pursuant to 42 U.S.C. §1983 Plaintiff alleges various violations of her Constitutional rights during her pre-trial incarceration.

*Factual and Procedural Background*

On April 26, 2012, Starkville Police Department officers stopped Jessica Jauch for traffic violations and issued several traffic tickets to her. The officers also informed Jauch of an outstanding misdemeanor warrant in Choctaw County. Starkville Police Officers then transferred her to the custody of Choctaw County. The following morning, Choctaw County Sheriff's Deputies served Jauch with the Choctaw County misdemeanor warrant. In addition to the misdemeanor warrant, a Choctaw County Grand Jury indicted Jauch on felony charges in January 2012. The Choctaw County Deputies served Jauch with the felony indictment and a Capias Warrant, and promptly filed the return in Choctaw County Circuit Court.

Several days later, Jauch cleared the Choctaw County misdemeanor warrant but remained in custody on the felony indictment. While in jail, Jauch asserted her innocence numerous times and asked the jail personnel to take her before a judge so that she could post bail. Jail personnel

informed her that she would go before a Circuit Court judge when the next term of court convened in August 2012.

Jauch's case was set and called on July 31, 2012, at which time she was appointed counsel. She formally waived arraignment at this time, and bail was set. Jauch posted bond and was released from custody on August 6, 2012. In total, Jauch spent ninety-six days in jail before she appeared in court. Ultimately, the Assistant District Attorney determined that the evidence against her was deficient and the felony charge was dismissed on January 29, 2013.

The Plaintiff now brings this action under §1983 against Choctaw County and Sheriff Cloyd Halford in his individual capacity. Specifically, the Plaintiff alleges that by detaining her without appointing counsel, allowing her to appear in court, or setting bail, the Defendants violated her Constitutional rights protected by the Sixth, Eighth, and Fourteenth Amendments. The Defendants filed a motion arguing various bases, including qualified immunity, for summary judgment in their favor [18]. The Plaintiff filed a cross motion for partial summary judgment requesting that the Court make a finding of liability against the Defendants [20]. Finding the consideration of the Plaintiff's motion dispositive in this case, the Court addresses it here.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals no genuine dispute regarding any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "set forth 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Importantly, conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075.

*Analysis and Discussion*

I.  *Procedural Due Process*

Plaintiff argues that she was deprived of "liberty" in contravention of the Due Process Clause of the Fourteenth Amendment when Choctaw County incarcerated her for ninety-six days without a court appearance.

In order to address whether Defendants violated Jauch's procedural due process rights, the Court must first determine whether in these circumstances, the Plaintiff possessed a liberty interest in being free from extended incarceration without arraignment or an initial appearance. *Olim v. Wakinekona*, 461 U.S. 238, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983).

"Liberty interests protected by the Fourteenth Amendment may arise from two sources — the Due Process Clause itself and the laws of the States." *Hewitt v. Helms*, 459 U.S. 460, 466,

103 S. Ct. 864, 868-69, 74 L. Ed. 2d (1983) (citing *Meachum v. Fano*, 427 U.S. 215, 223–27, 96 S. Ct. 2532, 2537–39, 49 L. Ed. 2d 451 (1976)). The Supreme Court has recognized that an individual does have a liberty interest in being free from incarceration absent a criminal conviction, but that they may be deprived of this interest pretrial if the deprivation comports with the requirements of due process. *Baker v. McCollan*, 443 U.S. 137, 144, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979) (although plaintiff "was indeed deprived of his liberty for a period of days," the deprivation was accomplished by due process).

In the instant case, Plaintiff alleges that a state statute creates a constitutionally protected liberty interest. Mississippi Code Section 99-3-17 requires that "every person making an arrest shall take the offender before the proper officer without unnecessary delay for examination of his case, except as otherwise provided in Section 99-3-18."[2]

Additionally, the Uniform Rules of Circuit & County Court ("URCC") require that arraignment, *unless waived* by the defendant, be held within thirty days after the defendant is served with the indictment." UNIF. R. OF CIR. & CNTY. CT. 8.01 (emphasis added). Plaintiff also references the rule that "every person in custody shall be taken, without unnecessary delay and within 48 hours of arrest, before a judicial officer or other person authorized by statute for an initial appearance." UNIF. R. OF CIR. & CNTY. CT 6.03.

However, the above statute and rules must be read in conjunction with Rule 6.05 which states that a defendant who has been indicted by a grand jury "shall not be entitled to an initial appearance" or to "a preliminary hearing." UNIF. R. OF CIR. & CTY. CT. 6.05. Furthermore, the Mississippi Supreme Court has held that "once a defendant has been indicted by a grand jury, the

---

[2] Mississippi Code Section 99-3-18 provides procedures for misdemeanor arrestees who may, instead of being taken before a judge, be released.

4

right to a preliminary hearing is deemed waived." *Mayfield v. State*, 612 So. 2d 1120, 1129 (Miss. 1992).

Reading these authorities together, Plaintiff's right to a preliminary hearing or initial appearance was "waived" when she was indicted. Although Mississippi Code Section 99-3-17 makes no exceptions for cases in which indictments have been returned, the Mississippi Supreme Court has consistently held that where a Mississippi statute regarding preliminary hearings conflicted with the URCC 6.05, the conflict must be resolved in favor of the Rule. *See State v. Delaney*, 52 So. 3d 348, 351 (Miss. 2011) ("It is now well established that 'the constitutional concept of separation of powers dictates that it is within the inherent power of this Court to promulgate procedural rules to govern judicial matters.'") (quoting *State v. Blenden*, 748 So. 2d 77, 88 (Miss. 1999)); (citing *Newell v. State*, 308 So. 2d 71 (Miss. 1975)). *See also* Miss. Const. Art. 1, §§ 1, 2 (providing for separation of governmental powers). Because Rule 6.05 controls, under the circumstances of this case, the Plaintiff did not possess a state created liberty interest that was infringed upon when she was denied a reexamination of the grand jury's probable cause determination.

The content of these state authorities, when read together, is consistent with United States Supreme Court doctrine. "[A]n indictment 'fair upon its face,' and returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause" to believe the defendant perpetrated the offense alleged." *Gerstein v. Pugh*, 420 U.S. 103, 117 n. 19, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975) (quoting *Ex parte United States*, 287 U.S. 241, 250, 53 S. Ct. 129, 77 L. Ed. 283 (1932)). If the person charged is not yet in custody, an indictment triggers "issuance of an arrest warrant without further inquiry" into the case's strength. *Gerstein*, 420 U.S. at 117 n. 19, 95 S. Ct. 854; *see Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S. Ct. 502, 139 L.

5

Ed. 2d 471 (1997). "The grand jury, all on its own, may effect a pre-trial restraint on a person's liberty by finding probable cause to support a criminal charge." *Kaley v. United States*, 134 S. Ct. 1090, 1098, 188 L. Ed. 2d 46 (2014). "[T]hat inviolable grand jury finding, we have decided, may do more than commence a criminal proceeding (with all the economic, reputational, and personal harm that entails); the determination may also serve the purpose of immediately depriving the accused of her freedom." *Id*., at 1098, 188 L. Ed. 2d 46. Accordingly, Plaintiff has failed to allege a constitutional violation of her procedural due process rights.

II. *Substantive Due Process Claims*

Plaintiff claims that her arrest and subsequent detention violates substantive due process. That claim is brought under the "shocks the conscience" test for constitutionally arbitrary executive action. *Rochin v. California*, 342 U.S. 165, 172–73, 72 S. Ct. 205, 96 L. Ed. 183 (1952); *see also Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998). However, "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)).

A. *Arrest and Probable Cause*

Because an arrest is a seizure, the Court finds the more particularized Fourth Amendment analysis to be appropriate. *See Graham*, 490 U.S. at 395, 109 S. Ct. 1865. By virtue of its "incorporation" into the Fourteenth Amendment, the Fourth Amendment requires the States to provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty. *Gerstein*, 420 U.S. at 125, 95 S. Ct. 854.

The probable-cause determination "must be made by a judicial officer either before or promptly after arrest." *Id.* at 125, 95 S. Ct. 854. "Since an adversary hearing is not required, and since the probable cause standard for pretrial detention is the same as that for arrest, a person arrested pursuant to a warrant issued by a magistrate on a showing of probable-cause is not constitutionally entitled to a separate judicial determination that there is probable cause to detain him pending trial." *Baker*, 443 U.S. at 142–43, 99 S. Ct. 2689. A grand jury indictment clearly qualifies as a probable cause determination, and is not subject to further pretrial reassessment. *See Kaley v. United States*, 134 S. Ct. 1098, 188 L. Ed. 2d 46 (2014) (holding that "[a]n indictment eliminates her Fourth Amendment right to a prompt judicial assessment of probable cause to support any detention"). Under this standard, the Plaintiff's indictment by a grand jury, prior to her arrest, was the requisite probable-cause determination that eliminated any Fourth Amendment right to further judicial assessment. Put simply, the Plaintiff was arrested and held on a valid felony grand jury indictment that established the existence of probable cause. Therefore, the Fourth Amendment is not implicated here.

  B. *Right to Counsel & Right to Be Informed of the Charges*

Turning now to the Plaintiff's Sixth Amendment claims, the Plaintiff contends that her detention at the Choctaw County jail for ninety-six days without being taken before a judge violated her clearly established rights to be informed of the charges against her and her right to counsel. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. CONST. AMEND. VI.

In the instant case, the Plaintiff, does not allege that she requested an attorney and was denied access to one. Further, the record reveals that the Plaintiff was not confronted by interrogation or questioning at any point during her detention without counsel present. At her

7

first adversarial appearance in court, Plaintiff was provided with an attorney. *See Rothgery v. Gillespie Cnty., Tex.*, 554 U.S. 191, 198, 128 S. Ct. 2578, 171 L. Ed. 2d 366 (2008) (holding that the right to counsel guaranteed by the Sixth Amendment applies at the first appearance before a judicial officer). At this initial appearance the Plaintiff formally waived arraignment, including her right to have the charges formally read. Finally, according to the stipulated facts in this case, the Plaintiff was informed of the charges against her when she was served with the warrant and indictment soon after being transported to the Choctaw County Jail. For these reasons, it is clear that the Plaintiff has not established a violation of her rights protected by the Sixth Amendment.

      C. *Right to Bail*

The Plaintiff's final constitutional claim is premised on the Eighth Amendment. The Eighth Amendment prohibits, *inter alia*, the imposition of excessive bail. U.S. CONST. AMEND. VIII. Although the Court notes that the Eighth Amendment only applies to a convicted prisoner, Plaintiff contends that the Eighth Amendment was implicated in her case when her right to due process was violated because she was not taken before a judge for a bail hearing more promptly.

The Court recognizes that this is, in essence, a procedural due process claim cast in substantive terms. *See Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244, 103 S. Ct. 2979, 77 L. Ed. 2d 605 (1983) (holding that because there had been no formal adjudication of guilt, the Eighth Amendment had no application— rather the relevant constitutional provision is the Due Process Clause of the Fourteenth Amendment). Returning for a moment to the procedural analysis outlined above, the Court notes that under the applicable state authorities, a defendant who has been indicted by a grand jury is not entitled to an initial appearance or a preliminary hearing. UNIF. R. OF CIR. & CTY. CT. 6.05. Furthermore, relying on instruction that an indictment returned by a proper grand jury "conclusively determines the existence of probable cause," the

Supreme Court has consistently denied defendants' calls for any judicial reconsideration of that issue. *United States v. Contreras*, 776 F.2d 51, 54 (2d Cir. 1985) (quoting *Gerstein*, 420 U.S. at 117 n. 19, 95 S. Ct. 854); see, *e.g., United States v. Suppa*, 799 F.2d 115, 117–19 (3d Cir. 1986); *United States v. Vargas*, 804 F.2d 157, 162–63 (C.A.1 1986) (*per curiam*); *United States v. Hurtado,* 779 F.2d 1467, 1477–79 (11th Cir. 1985). For these reasons, the Plaintiff has failed to establish a violation of her rights protected by the Eighth and Fourteenth Amendments.

III.     *Qualified Immunity*

As plaintiff has failed to establish a violation of constitutional rights or that there are genuine issues of material fact, her Motion for Partial Summary Judgment concerning Defendants' liability for violations of constitutional rights is not well taken. However, in the event that any of Plaintiff's claims survive, Sheriff Cloyd Halford asserts that qualified immunity shields him from both liability and suit. *Wallace v. County of Comal*, 400 F.3d 284, 289 (5th Cir. 2005); *see also Saucier v. Katz*, 533 U.S. 194, 200–01, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001) ("qualified immunity is an entitlement not to stand trial or face the other burdens of litigation"). Furthermore, Choctaw County asserts that Plaintiff has failed to establish the existence of an official policy in order to substantiate a finding of liability against them.

The Court employs a two-step test analysis for claims of qualified immunity. *Meadours v. Ermel*, 483 F.3d 417, 422 (5th Cir. 2007). The first step asks whether the plaintiff's allegations, if true, demonstrate the violation of a clearly established right. *Wallace,* 400 F.3d at 289; *see also Saucier,* 533 U.S. at 201, 121 S. Ct. 2151 (defining the threshold question as "[t]aken in the light most favorable to the [plaintiff], do the facts alleged show the officer's conduct violated a constitutional right"). A right is "clearly established" when its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that

9

right." *Wooley v. City of Baton Rouge*, 211 F.3d 913, 919 (5th Cir. 2000) (internal quotation marks omitted). If the plaintiff has alleged the violation of a clearly established right, the second step of the analysis determines whether the defendant's conduct was objectively reasonable under the law at the time of the incident. *Michalik v. Hermann*, 422 F.3d 252, 258 (5th Cir. 2005).

In the context of summary judgment, the government official need only assert qualified immunity, which then shifts the burden to the plaintiff. *Id.* at 262. The plaintiff must rebut the defense by establishing that the government official's allegedly wrongful conduct violated clearly established law *and* that genuine issues of material fact exist regarding the reasonableness of the government official's conduct. *Id.*

Reviewing the Plaintiff's failure to establish a constitutional violation in the context of qualified immunity, the Court finds that the plaintiff has failed to carry her burden of establishing that the government official's allegedly wrongful conduct violated a clearly established constitutional right. *Saucier*, 533 U.S. at 201, 121 S. Ct. 2151; *Michalik*, 422 F.3d at 258.

In addition, the Court finds that the Plaintiff has failed to establish the requisite causation between any alleged violation and the individual Defendant. *See Baker v. McCollan*, 443 U.S. at 142, 99 S. Ct. 2689 (a public official is liable under Section 1983 only if he *causes* the plaintiff to be subjected to deprivation of his constitutional rights) (emphasis in original). Because the Plaintiff has not shown that Defendants caused the violation of a clearly established right under *Michalik*, it cannot be said that Sheriff Cloyd Halford's conduct was objectively unreasonable under the law at the time of the incident. *Michalik*, 422 F.3d at 258. As there are no genuine issues of material fact, the Plaintiff cannot overcome the burden required by either prong of the

qualified immunity analysis, and individual Defendant Halford is entitled to qualified immunity on all of the Plaintiff's claims. *Meadours*, 483 F.3d at 422.

IV. County Liability

Turning now to the Plaintiff's claims against Choctaw County, the Court notes that in order to establish a claim under Section 1983 against a municipality or other local government, the alleged deprivation must be connected to "a governmental custom," "policy statement, ordinance, regulation, or decision officially adopted and promulgated by the body's officers." *Monell v. New York City Dept. Social Servs.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

In this case, the Plaintiff seeks to impose liability for the acts, or more precisely failure to act, of its Sheriff. The Fifth Circuit Court of Appeals has explained the requirements for holding a county responsible for the acts of its officials. *Brown v. Bryan County, Okla.*, 219 F.3d 450, 457 (5th Cir. 2000). The requirements are (1) "existence of a policymaker;" (2) "a decision by a decision maker that amounts to a policy under *Monell* and its progeny;" (3) "a decision so deliberately indifferent to the rights of the citizens that the County fairly can be said to be culpable for the injury;" (4) "sufficient causation between the specific policy decision and the resulting constitutional injury;" and (5) an actual constitutional injury. *Id.* In order to avoid summary judgment, the plaintiff must provide sufficient evidence to create a factual issue as to each of these elements. *Brown,* 219 F.3d at 457.

Because the Court finds above that the Plaintiff has failed to establish the requisite violation of her Constitutional rights, she is likewise unable to establish a claim under Section 1983 against the County.

11

In addition, the Court notes that the Plaintiff has failed to sufficiently allege a particular custom or policy that resulted in the alleged violation of her Constitutional rights. Choctaw County is not liable under Section 1983 for acts that allegedly violate a plaintiff's constitutional rights unless the wrongful acts resulted from a policy or custom "adopted or maintained with objective deliberate indifference to the detainee's constitutional rights." *Hare v. City of Corinth*, 74 F.3d 633, 649 n.4 (5th Cir. 1996). The United States Supreme Court has held that "'deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 410, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997).

Plaintiff has alleged that despite personal knowledge of her arrest, Defendant Halford did nothing to satisfy the obligation of an arresting officer to take offenders before the proper officer without unnecessary delay for examination of their case. However, as stated above, the grand jury indicted the Plaintiff, and made the requisite probable cause determination prior to her arrest. As such, there was no requirement for an additional hearing, or other review of that determination. *See Baker*, 443 U.S. at 142–43, 99 S. Ct. 2689. Plaintiff has therefore failed to establish that even if Defendant Halford was a policy maker for the County, that he was "so deliberately indifferent to the rights of the citizens that the County fairly can be said to be culpable for the injury." *Brown*, 219 F.3d at 457.

Finally, as to *Brown*'s fourth and fifth prong, "the plaintiff must identify a policymaker and show that an official policy is the 'moving force' behind the municipal employee's allegedly unconstitutional act." *Brumfield v. Hollins*, 551 F.3d 322, 331 (5th Cir. 2008). As the Court has previously determined, Plaintiff has not alleged an actual Constitutional injury, and even if she

12

could, she has not established the required causation between a specific policy decision and a resulting constitutional injury.

Therefore, Plaintiff has failed to establish a claim against the County under Section 1983 and *Monell*.

*Conclusion*

For all of the reasons stated above, the Court finds that the Plaintiff has failed to establish violations of her Constitutional rights for purposes of her Section 1983 claims against Choctaw County and individual Defendant Halford. The Court finds that Defendant Halford is entitled to qualified immunity on all of the Plaintiff's claims. In addition, the Plaintiff has not sufficiently alleged the existence of an official policy in order to substantiate a finding of liability against Choctaw County. Therefore, the Plaintiff's Partial Motion for Summary Judgment is DENIED. With no basis remaining for liability against any Defendant, and no remaining claims, the Plaintiff's case is hereby DISMISSED with prejudice. CASE CLOSED.

SO ORDERED, on this the 30th day of September, 2016.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE