IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JESSICA JAUCH**      **PLAINTIFF**

**V.**      **CIVIL ACTION NO. 1:15-CV-75-SA-RP**

**CHOCTAW COUNTY, ET AL.**      **DEFENDANT**

**PRETRIAL ORDER**

**1.**      A pretrial conference was held on February 19, 2019, at 10:00 a.m. in Oxford Mississippi, before the Honorable Roy Percy.

**2.**      The following counsel appeared:

     **a.**      For the Plaintiff:

         Victor I. Fleitas      452 North Spring Street      (662) 840-0270
              Tupelo, Mississippi 38804
              fleitasv@bellsouth.net

     **b.**      For the Defendant:

         Danny J. Griffith      150 N. Sharpe Ave      (662) 843-6171
              Cleveland, MS 38732
              dgriffith@jlpalaw.com

**3.**      The pleadings are amended to conform to this pretrial order.

**4.**      The following claims (including claims stated in the complaint, counterclaims, crossclaims, third-party claims, etc.) have been filed:

Jessica Jauch brings constitutional claims under the Fourteenth Amendments pursuant to 42 U.S.C. § 1983 against the Defendant Choctaw County and the Defendant Sheriff Cloyd Halford. Ms. Jauch has obtained summary judgment as to liability on this claim, leaving the issue of her damages to be determined at trial.

**5.**      The basis for this court's jurisdiction is:

This Court has subject matter jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1343(a)(3) (Civil Rights).

**6.**      The following jurisdictional questions remain: None.

7.     The following motions remain pending: None

8.     The parties accept the following **concise** summaries of the ultimate facts as claimed by:

    a.     Plaintiff:

The facts in this case are largely not in dispute. Ms. Jauch was arrested on April 26, 2012 and held at the Choctaw County Jail. The following morning, Ms. Jauch was served with a copy of a capias warrant and an indictment alleging that she had sold narcotic pain medication over a year before. Ms. Jauch, her mother and a family friend spoke to jail officials, including the Sheriff, several times protesting Ms. Jauch's innocence and requesting that she be allowed to make bail and be taken before a judge. These requests were repeatedly met with a response that Ms. Jauch was caught selling drugs on video, was guilty, and would not see a judge until August. Ms. Jauch was not arraigned, granted bail, or provided counsel until July 31, 2012. Ultimately, the charge against Ms. Jauch was dismissed.

Ms. Jauch's 96-day detention in the Choctaw County Jail without an initial appearance, an arraignment, access to counsel, or bail violated Ms. Jauch's clearly established rights under the Fourteenth Amendment. These Defendants are liable for failing to carry Ms. Jauch before a judicial officer as they are responsible for doing so under Federal law.

As a result of Ms. Jauch's unconstitutional prolonged detention without due process Ms. Jauch suffered damages.

    b.     Defendant:

At all relevant times, Ms. Jauch was held in the Choctaw County Jail pursuant to a state court order. Sheriff Halford and his department did everything required of them under the substantive law of Mississippi by accepting custody of Plaintiff Jauch pursuant to court order, serving her with the indictment, immediately returning the indictment to the court and then maintaining safe and humane custody of her until her release was authorized. The delay in detention complained of was a failure of state officials to perform functions allocated to the State under the substantive law of Mississippi. Sheriffs are not allocated the function of arraigning prisoners, setting bond or appointing counsel. Those matters are proscribed by rules of procedure adopted by the Mississippi Supreme Court.

9.     a.     The following facts are established by the pleadings, by stipulation, or by admission:

    1. On February 17, 2011, a confidential informant notified Choctaw County narcotics officers that Jessica Jauch purchased narcotics (eight dosage units of an Alprazolam mixture) from Plaintiff.

    2. On January 24, 2012, a Grand Jury issued a true bill indicting Plaintiff for the sale

of eight dosage units of a Schedule IV controlled substance (a mixture containing Alprazolam), arising from the alleged February 17, 2011, drug transaction.

3. That same day, the Choctaw County Circuit Clerk issued a Capias Warrant mandating the sheriff's department to take Plaintiff into custody.

4. On April 26, 2012, Starkville Police Department officers stopped Plaintiff while she was driving, and issued her several traffic tickets. The SPD officers also informed her of an outstanding misdemeanor warrant in Choctaw County.

5. SPD briefly detained Plaintiff, and Choctaw County deputies then transported her from SPD custody to the Choctaw County Jail.

6. The next morning, Choctaw County deputies served Plaintiff with a misdemeanor warrant and with the January 2012, Capias Warrant. The Return was promptly filed with the Circuit Court.

7. Several days later, Plaintiff cleared the misdemeanor warrant.

8. While detained on the Capias Warrant, Plaintiff asserted her innocence, and asked jail personnel to take her before a judge so that she could post bail.

9. The jail personnel instructed her that they had spoken with the Sheriff and she could not go before a Circuit Court judge until the next term of court, which would be in August 2012.

10. On July 16, 2012, the Choctaw County Circuit Clerk notified the Choctaw County Public Defender, Joey Hood, Esq., that the Plaintiff's case was set for docket call on July 31, 2012, at 10:00 a.m.

11. Later, on July 24, 2012, Plaintiff consented to name Patti J. Gatlin, her mother, as guardian over Plaintiff's minor child.

12. On July 25, 2012, Plaintiff was transported to Okitbbeha County and arraigned on an unrelated charge of Possession of a Controlled Substance. Plaintiff was appointed counsel in Oktibbeha Counsel that day and her bail was set at $10,000 cash or bond. Plaintiff was immediately returned to the Choctaw County Jail from Oktibbeha County.

13. On July 26, 2012, Oktibbeha County Sheriff's Department placed a detainer on Plaintiff.

14. On July 31, 2012, Plaintiff was appointed counsel, Joey Hood, Esq. The plaintiff waived arraignment, had bail set at $15,000 cash or bond, and had her trial set for August 20, 2012. That day, Mr. Hood filed for discovery.

15. On August 6, 2012, Plaintiff posted bond and was released from custody in Choctaw County.

16. Later, on August 20, 2012, Plaintiff was appointed new counsel, Hays Burchfield, Esq., who viewed the State's evidence that allegedly implicated Plaintiff in the sale of a controlled substance. After viewing the evidence, Burchfield concluded that the evidence only showed Plaintiff borrowing $40 from a friend, and so contacted the Assistant District Attorney ("ADA") assigned to her case.

17. On August 27, 2012, the ADA met with Plaintiff and Burchfield and viewed the tape. After viewing the tape, the ADA moved to dismiss the case.

18. On January 29, 2013, the Circuit Court of Choctaw County issued its Dismissal Order, thereby dismissing the felony charge against Plaintiff.

**b.** The contested issues of fact are as follows:

1. Jessica Jauch's damages, if any.

**c.** The contested issues of law are as follows:

1. Whether Jessica Jauch is entitled to a punitive damages instruction as to the Defendant Halford.

10. The following is a list and brief description of all exhibits (except exhibits to be used for impeachment purposes only) to be offered in evidence by the parties. **Each exhibit has been marked for identification and examined by counsel.** The authenticity and admissibility in evidence of the preceding exhibits are stipulated. If the authenticity or admissibility of any of the preceding exhibits is objected to, the exhibit must be identified below, together with a statement of the specified evidentiary ground(s) for the objection(s).

**a.** To be offered by the Plaintiff:

    P-1     Indictment
    P-2     Capias (Executed)
    P-3     Motion for Discovery
    P-4     Arraignment Order
    P-5     Bail Bond
    P-6     Itemized Statement for Compensation
    P-7     Dismissal Order
    P-8     Letter from Brian Clark, Esq. to Cloyd Halford Re: Consent to Guardianship
    P-9     Consent to Guardianship
    P-10    Booking Photos
    P-11    Arrest Report

        Defendants object to the following:

            P-8 and P-9    Relevance, Inadmissible Hearsay

    **b.**    To be offered by the Defendant:

        D-1    Choctaw County Circuit Clerk's File (No. 2012-011-CR)
        D-2    Choctaw County Sheriff's Department File
        D-3    Starkville Police Department File

        Plaintiff objects to the following:

            D-1 Relevance, Hearsay, Rule 403, Rule 404(b)
            D-2 Relevance, Hearsay, Rule 403, Rule 404(b)
            D-3 relevance, Hearsay, Rule 403, Rule 404(b)

**11.**    The following is a list and brief description of charts, graphs, models, schematic diagrams, and similar objects which will be used in opening statements or closing arguments, but which **will not** be offered in evidence:

Objections, if any, to use of the preceding objects are as follows:

If any other objects are to be used by any party, such objects will be submitted to opposing counsel at least three business days before trial. If there is then any objection to use of the objects, the dispute will be submitted to the court at least one business day before trial.

**12.**    The following is a list of witnesses the parties anticipate calling LIVE at trial (excluding witnesses to be used solely for rebuttal or impeachment). All listed witnesses must be present to testify when called by a party unless specific arrangements have been made with the trial judge before commencement of trial. The listing of a **Will Call** witness constitutes a professional representation, upon which opposing counsel may rely, that the witness will be present at trial, absent reasonable written notice to counsel to the contrary. If testimony is to be offered via deposition, state whether the entire deposition, or only portions, will be used. Counsel **must** confer, no later than twenty-one days before the commencement of trial, to resolve **all** controversies concerning **all** depositions (electronically recorded or otherwise). All controversies not resolved by the parties **must** be submitted to the trial judge not later than fourteen days before trial. All objections not submitted within that time are waived.

    **By Plaintiff:**

| Name | Will/ May Call | [F]act/ [E]xpert [L]iability/ [D]amages | City/State |
|------|------|------|------|

| Name | Will/May Call | [F]act/[E]xpert [L]iability/[D]amages | City/State |
|---|---|---|---|
| Jessica Jauch | May | F/D | Pearl, Mississippi |
| Patti Gatlin | May | F/D | Pearl, Mississippi |
| Haley Ellington | May | F/D | Pearl, Mississippi |
| Debra Odom | May | F/D | Sturgis, Mississippi |
| C. Hays Burchfield | May | F/D | Eupora, Mississippi |
| Hon. Joseph Loper | May | F | Ackerman, Mississippi |
| Lee J. Howard | May | F | Grenada, Mississippi |
| Doug Evans | M | F | Grenada, Mississippi |

**By Defendants:**

| Name | Will/May Call | [F]act/[E]xpert [L]iability/[D]amages | City/State |
|---|---|---|---|
| Cloyd Halford | M | FD | Ackerman, MS |
| Lee Upchurch | M | FD | Ackerman, MS |
| James M. Vaughan | M | F | Starkville, MS |
| Lee J. Howard | M | F | Grenada, MS 39802 |
| Doug Evans | M | F | Grenada, MS 39802 |

13. This is a jury case.

14. Counsel suggests the following additional matters to aid in the disposition of this civil action: None.

15. Counsel estimates the length of the trial will be 2 days.

16. As stated in paragraph 1, this pretrial order has been formulated (a) at a pretrial conference before a judicial officer, notice of which was duly served on all parties, and at which the parties attended as stated above, or (b) the final pretrial conference having been dispensed with by the judicial officer, as a result of conferences between the parties. Reasonable opportunity has been afforded for corrections or additions prior to signing. This order will control the course of the trial, as provided by Rule 16, Federal Rules of Civil Procedure, and it may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

**ORDERED**, this the 18th day of March, 2019.

                                                /s/ Sharion Aycock
                                                UNITED STATES DISTRICT JUDGE

/s/ Victor Israel Fleitas
Attorney for Plaintiff

/s/ Danny J. Griffith, Esq.
Attorney for Defendants

Entry of the preceding Pretrial Order is recommended by me on this, the 6th day of March, 2019.

                                                /s/ Roy Percy
                                                UNITED STATES MAGISTRATE JUDGE