IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                               PLAINTIFF

V.                                                                  NO. 1:15-CV-75-SA-RP

CHOCTAW COUNTY and
CLOYD HALFORD, in his individual capacity                    DEFENDANTS

JURY INSTRUCTION C-7

**MEMBERS OF THE JURY**:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this

trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                          PLAINTIFF

V.                                                              NO. 1:15-CV-75-SA-RP

CHOCTAW COUNTY and
CLOYD HALFORD, in his individual capacity                             DEFENDANTS

JURY INSTRUCTION C-8

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                                           PLAINTIFF

V.                                                                            NO. 1:15-CV-75-SA-RP

CHOCTAW COUNTY and
CLOYD HALFORD, in his individual capacity                                 DEFENDANTS

JURY INSTRUCTION C-9

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                                                PLAINTIFF

V.                                                                                    NO. 1:15-CV-75-SA-RP

CHOCTAW COUNTY and
CLOYD HALFORD, in his individual capacity                                DEFENDANTS

JURY INSTRUCTION C-5

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH  PLAINTIFF

V.  NO. 1:15-CV-75-SA-RP

CHOCTAW COUNTY and
CLOYD HALFORD, in his individual capacity  DEFENDANTS

JURY INSTRUCTION C-6

You are required to evaluate the testimony of a law-enforcement officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a law enforcement officer.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                                                              PLAINTIFF

V.                                                                                            NO. 1:15-CV-75-SA-RP

CHOCTAW COUNTY and
CLOYD HALFORD, in his individual capacity                                   DEFENDANTS

JURY INSTRUCTION C-11

The Court has found that Defendants Choctaw County and Cloyd Halford are liable to Plaintiff Jessica Jauch. You must now determine an amount that is fair compensation for all of Plaintiff Jessica Jauch's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff Jessica Jauch whole—that is, to compensate Plaintiff Jessica Jauch for the damage that she has suffered. Compensatory damages are not limited to expenses that Plaintiff Jessica Jauch may have incurred because of her injury. Plaintiff Jessica Jauch is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that she has suffered because of Defendant Choctaw County and Cloyd Halford's wrongful conduct.

You may award compensatory damages only for injuries that Plaintiff Jessica Jauch proves were proximately caused by Defendant Choctaw County and Defendant Cloyd halford's ~~allegedly~~ wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff Jessica Jauch's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendants. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff Jessica Jauch has actually suffered or that Plaintiff Jessica Jauch is reasonably likely to suffer in the future.

In awarding compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff Jessica Jauch prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                     PLAINTIFF

V.                                                          NO. 1:15-CV-75-SA-RP

CHOCTAW COUNTY and
CLOYD HALFORD, in his individual capacity             DEFENDANTS

JURY INSTRUCTION C-13

To recover compensatory damages for mental and emotional distress, Plaintiff Jessica Jauch must prove that she has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff Jessica Jauch must support her claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                                    PLAINTIFF

V.                                                                NO. 1:15-CV-75-SA-RP

CHOCTAW COUNTY and
CLOYD HALFORD, in his individual capacity              DEFENDANTS

JURY INSTRUCTION C-10

Choctaw County's relevant policymaker instituted a policy whereby certain arrestees were indefinitely detained without access to courts or the benefit of basic constitutional rights. This unconstitutional policy was "the moving force" behind Jauch's constitutional injury. Plaintiff Jessica Jauch has proved this claim against Choctaw County by a preponderance of the evidence, you must now determine the damages to which Plaintiff Jessica Jauch is entitled for this claim.

Plaintiff Jessica Jauch has also proved her claim against Sheriff Cloyd Halford by a preponderance of the evidence, that he detained her indefinitely in violation of her Fourteenth Amendment right to due process. You must now determine the damages to which she is entitled for this separate claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                          PLAINTIFF

V.                                                          NO. 1:15-CV-75-SA-RP

CHOCTAW COUNTY and
CLOYD HALFORD, in his individual capacity                              DEFENDANTS

JURY INSTRUCTION C-12

You may award damages for any bodily injury that Plaintiff Jessica Jauch sustained and any pain and suffering that Plaintiff Jessica Jauch experienced in the past as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Plaintiff Jessica Jauch for the damages she has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                                                   PLAINTIFF

V.                                                                                      NO. 1:15-CV-75-SA-RP

CHOCTAW COUNTY and
CLOYD HALFORD, in his individual capacity                                              DEFENDANTS

JURY INSTRUCTION C-19

If you return a verdict for Plaintiff Jessica Jauch, but Jauch has failed to prove compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if she suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                                                                    PLAINTIFF

V.                                                                                                    NO. 1:15-CV-75-SA-RP

CHOCTAW COUNTY and
CLOYD HALFORD, in his individual capacity                                                    DEFENDANTS

JURY INSTRUCTION C-17

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case. Remember at all times, you are the judges of the facts.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.