IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                    PLAINTIFF

VERSUS                                                NO. 1:15CV75-SA-SAA

CHOCTAW COUNTY AND
CLOYD HALFORD, In His Individual Capacity              DEFENDANTS

<u>PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS</u>

Victor I. Fleitas, P.A.
452 North Spring Street
Tupelo, Mississippi 38804
(662) 840-0270 / Telephone
(662) 840-1047 / Facsimile
<u>fleitasv@bellsouth.net</u> / Email

Attorney for Jessica Jauch

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                    PLAINTIFF

VERSUS                                              NO. 1:15CV75-SA-SAA

CHOCTAW COUNTY AND
CLOYD HALFORD, In His Individual Capacity              DEFENDANTS

JURY INSTRUCTION P-1A

[Withdrawn]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                              PLAINTIFF

VERSUS                                           NO. 1:15CV75-SA-SAA

CHOCTAW COUNTY AND
CLOYD HALFORD, In His Individual Capacity          DEFENDANTS

JURY INSTRUCTION P-2A

[Withdrawn]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                    PLAINTIFF

VERSUS                                              NO. 1:15CV75-SA-SAA

CHOCTAW COUNTY AND
CLOYD HALFORD, In His Individual Capacity          DEFENDANTS

JURY INSTRUCTION P-3A

[Withdrawn]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                                  PLAINTIFF

VERSUS                                                      NO. 1:15CV75-SA-SAA

CHOCTAW COUNTY AND
CLOYD HALFORD, In His Individual Capacity              DEFENDANTS

JURY INSTRUCTION P-4A

[Withdrawn]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                              PLAINTIFF

VERSUS                                          NO. 1:15CV75-SA-SAA

CHOCTAW COUNTY AND
CLOYD HALFORD, In His Individual Capacity          DEFENDANTS

JURY INSTRUCTION P-5A

[Withdrawn]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                    PLAINTIFF

VERSUS                                              NO. 1:15CV75-SA-SAA

CHOCTAW COUNTY AND
CLOYD HALFORD, In His Individual Capacity          DEFENDANTS

JURY INSTRUCTION P-6A

[Withdrawn]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                        PLAINTIFF

VERSUS                                                   NO. 1:15CV75-SA-SAA

CHOCTAW COUNTY AND
CLOYD HALFORD, In His Individual Capacity              DEFENDANTS

JURY INSTRUCTION P-7A

[Withdrawn]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                        PLAINTIFF

VERSUS                                                NO. 1:15CV75-SA-SAA

CHOCTAW COUNTY AND
CLOYD HALFORD, In His Individual Capacity                DEFENDANTS

JURY INSTRUCTION P-8

All persons coming before the Court are equal in the eyes of the law. The law is no respecter of persons. It would be a violation of your sworn duty to give more weight to the testimony of the Defendant Cloyd Halford merely because he is a law enforcement officer. You should consider the defendant's testimony just as you would the testimony of any other witness.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                          PLAINTIFF

VERSUS                                                   NO. 1:15CV75-SA-SAA

CHOCTAW COUNTY AND
CLOYD HALFORD, In His Individual Capacity                  DEFENDANTS

AUTHORITY FOR JURY INSTRUCTION P-8A

United States v. Duncan, 191 F.3d 569 (5th Cir. 1999).

Sandidge v. Salen Offshore Drilling Co., 764 F.2d 252 (5th Cir. 1985).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                              PLAINTIFF

VERSUS                                                          NO. 1:15CV75-SA-SAA

CHOCTAW COUNTY AND
CLOYD HALFORD, In His Individual Capacity              ·         DEFENDANTS

JURY INSTRUCTION P-9A

You must determine an amount that is fair compensation for all of Jessica Jauch's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Jessica Jauch whole—that is, to compensate Jessica Jauch for the damage that she has suffered. Compensatory damages are not limited to expenses that Jessica Jauch may have incurred because of her injury. Jessica Jauch is entitled to compensatory damages for all of the pain and suffering, mental anguish, shock and discomfort that she has suffered because of the Defendants' conduct.

You may award compensatory damages only for injuries that Jessica Jauch proves were proximately caused by the Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of Jessica Jauch's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries which Jessica Jauch has actually suffered or that she is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Jessica Jauch prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                      PLAINTIFF

VERSUS                                                NO. 1:15CV75-SA-SAA

CHOCTAW COUNTY AND
CLOYD HALFORD, In His Individual Capacity                DEFENDANTS

AUTHORITY FOR JURY INSTRUCTION P-9A

Fifth Circuit Pattern Jury Instructions—Civil 15.2.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                        PLAINTIFF

VERSUS                                      NO. 1:15CV75-SA-SAA

CHOCTAW COUNTY AND
CLOYD HALFORD, In His Individual Capacity          DEFENDANTS

JURY INSTRUCTION P-10A

Jessica Jauch having proved the Defendants violated her constitutional rights, the Defendants will be liable for any past, present, or future mental anguish and emotional distress that they has suffered, or will suffer in the future, because of the Defendants' conduct.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                    PLAINTIFF

VERSUS                                          NO. 1:15CV75-SA-SAA

CHOCTAW COUNTY AND
CLOYD HALFORD, In His Individual Capacity              DEFENDANTS

AUTHORITY FOR JURY INSTRUCTION P-10A

<u>Carey v. Piphus</u>, 435 U.S. 247 (1978).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                    PLAINTIFF

VERSUS                                              NO. 1:15CV75-SA-SAA

CHOCTAW COUNTY AND
CLOYD HALFORD, In His Individual Capacity          DEFENDANTS

JURY INSTRUCTION P-11A

[Withdrawn]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                    PLAINTIFF

VERSUS                                              NO. 1:15CV75-SA-SAA

CHOCTAW COUNTY AND
CLOYD HALFORD, In His Individual Capacity          DEFENDANTS

JURY INSTRUCTION P-12A

[Withdrawn]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                    PLAINTIFF

VERSUS                                                    NO. 1:15CV75-SA-SAA

CHOCTAW COUNTY AND
CLOYD HALFORD, In His Individual Capacity                DEFENDANTS

JURY INSTRUCTION P-13A

The Court instructs the jury that you must award Jessica Jauch the damages that she have proven. You also may award punitive damages, if Jessica Jauch has proved that the Defendant Cloyd Halford acted with malice or reckless indifference to her federally protected rights.

In some cases punitive damages may be awarded for the purpose of punishing a defendant for his or her wrongful conduct and to deter others from engaging in similar wrongful conduct. An award of punitive damages would be appropriate in this case only if you find for Jessica Jauch and then further find from a preponderance of the evidence that the Defendant Cloyd Halford acted with malice or reckless indifference to her federally protected rights.

If you find that punitive damages should be assessed against the Defendant Cloyd Halford, you may consider the financial resources of the Defendant Cloyd Halford in fixing the amount of such damages.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                      PLAINTIFF

VERSUS                                          NO. 1:15CV75-SA-SAA

CHOCTAW COUNTY AND
CLOYD HALFORD, In His Individual Capacity             DEFENDANTS

AUTHORITY FOR JURY INSTRUCTION P-13A

Smith v. Wade, 461 U.S. 30 (1983).

## CERTIFICATE OF SERVICE

I, Victor I. Fleitas, attorney for Jessica Jauch, do hereby certify that I have this day

e-mailed a true and correct copy of the above and foregoing to the following:

Daniel J. Griffith, Esq.
Jacks, Griffith & Luciano
Post Office Box 1209
Cleveland, Mississippi 38732
dgriffith@jlpalaw.net

This the 8th day of March, 2019.

/s/ Victor Israel Fleitas

VICTOR I. FLEITAS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

JESSICA JAUCH                                                          PLAINTIFF

vs.                                                          CAUSE NO. 1:15-CV-75-SA-SAA

CHOCTAW COUNTY and
CLOYD HALFORD, In His
Individual Capacity                                                    DEFENDANTS


## DEFENDANTS' PROPOSED JURY INSTRUCTIONS


DANNY J. GRIFFITH, MSB #8366
JACKS | GRIFFITH | LUCIANO, P.A.
P. O. BOX 1209
CLEVELAND, MISSISSIPPI 38732
PHONE: (662) 843-6171
FACSIMILE: (662) 843-6176
ATTORNEY FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                    PLAINTIFF

vs.                                          CAUSE NO. 1:15-CV-75-SA-SAA

CHOCTAW COUNTY and
CLOYD HALFORD, In His
Individual Capacity                                         DEFENDANTS

INSTRUCTION D-1

The purpose of compensatory damages is to make Plaintiff Jessica Jauch is to compensate her for the damage that she has suffered. Compensatory damages are not limited to expenses that Plaintiff Jessica Jauch may have incurred because of her injury. Plaintiff Jessica Jauch is entitled to compensatory damages for any mental anguish that she may have suffered because of Defendants' wrongful conduct.

You may award compensatory damages only for injuries that Plaintiff Jessica Jauch proves were proximately caused by Defendants' allegedly wrongful conduct. The damages you award are to be fair compensation for all of Plaintiff Jessica Jauch's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendants. You should not award compensatory damages for speculative injuries, but only for those injuries which Plaintiff Jessica Jauch has actually suffered.

If you decide to award compensatory damages, you should be guided by common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff Jessica Jauch

prove the amount of her losses with mathematical precision, but only with as much indefiniteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

*Fifth Circuit Pattern Jury Instruction 15.2*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**JESSICA JAUCH**                                                    **PLAINTIFF**

**vs.**                                                **CAUSE NO. 1:15-CV-75-SA-SAA**

**CHOCTAW COUNTY and**
**CLOYD HALFORD, In His**
**Individual Capacity**                                               **DEFENDANTS**

### INSTRUCTION D-2

Regarding Plaintiff Jessica Jauch's claim for damages for mental anxiety, no evidence of the monetary value of such intangible things as emotional distress has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make for this element of damage should be fair in light of the evidence presented at the trial.

However, to recover for mental and emotional distress, Plaintiff Jessica Jauch must prove that she suffered a specific discernible injury with credible evidence. Hurt feelings, anger and frustration are part of life that are not the types of harm that could support a mental anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff Jessica Jauch must support his claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

*Fifth Circuit Pattern Jury Instruction 10.12*
*Brady v. Fort Bend Cnty., 145 F.3d 691, 718 (5ᵗʰ Cir. 1998)*
*Carey v. Piphus, 435 U.S. 247 (1978)*
*Vadie v. Miss. State Univ. 218 F.3d 365, 377-78 (5ᵗʰ Cir. 2000)*

RESPECTFULLY SUBMITTED, this the 8th day of March, 2019.

**DEFENDANTS, CHOCTAW COUNTY
and CLOYD HALFORD**

By:___*/s/ Daniel J. Griffith*___
    Daniel J. Griffith, MS Bar No. 8366

Of Counsel:

**JACKS | GRIFFITH | LUCIANO, P.A.**
150 North Sharpe Avenue
P. O. Box 1209
Cleveland, MS 38732
Phone No. 662-843-6171
Fax No. 662-843-6176
Email: dgriffith@jlpalaw.com

## CERTIFICATE OF SERVICE

I, Daniel J. Griffith, attorney of record for Defendants, Choctaw County, and Cloyd Halford, hereby certify that I have this day caused a true and correct copy of the above and foregoing *DEFENDANTS' PROPOSED JURY INSTRUCTIONS* to be delivered via electronic mail to the following:

Victor I. Fleitas, P.A. Fleitasv@bellsouth.net
Attorney for Plaintiff Jessica Jauch

Honorable Sharion Aycock, District Judge
United States District Court - Northern District of Mississippi
judge_aycock@msnd.uscourts.gov

**DATED** this 8th day of March, 2019.

    */s/ Daniel J. Griffith*
    Daniel J. Griffith