IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                                                           PLAINTIFF

V.                                                                                              NO. 1:15-CV-75-SA-RP

CHOCTAW COUNTY and
CLOYD HALFORD, in his individual capacity                                        DEFENDANTS

## JURY INSTRUCTION

In this case, you may award punitive damages if you find that the Defendant acted with malice or with reckless indifference to the rights of others. One acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another. Plaintiff Jessica Jauch has the burden of proving that punitive damages should be awarded by clear and convincing evidence.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiff Jessica Jauch has been made whole by compensatory damages, so punitive damages should be awarded only if the Defendants' misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the following factors should guide you in fixing the proper amount:

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA JAUCH                                                                                         PLAINTIFF

V.                                                                                              NO. 1:15-CV-75-SA-RP

CHOCTAW COUNTY and
CLOYD HALFORD, in his individual capacity                                      DEFENDANTS

JURY INSTRUCTION

Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction as to the truth of the matter sought to be established. It is evidence so clear, direct, weighty and convincing as to enable you to come to a clear conviction without hesitancy.

1. the reprehensibility of Defendant Cloyd Halford's conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury, and whether Defendant Cloyd Halford's conduct was motivated by a desire to augment profit;

2. the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim or with which the victim was threatened;

3. the possible criminal and civil sanctions for comparable conduct.

You may consider the financial resources of the Defendant in fixing the amount of punitive damages.